UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QATAR NATIONAL BANK,  :
Cornich Road  :
Doha, Qatar  :
 :
      Plaintiff,  :
 :
v.  :  Case No.: 1:06CV01307
 :
WINMAR, INC. d/b/a  :
WINMAR CONSTRUCTION,  :
1420 K Street NW  :
Suite 250  :
Washington, DC  20005  :
 :
      Defendant.  :

**DEFENDANT'S, WINMAR, INC. d/b/a WINMAR CONSTRUCTION, MOTION TO DISMISS FOR FAILURE TO JOIN A NECESSARY PARTY OR ALTERNATIVELY FOR AN ORDER MANDATING JOINDER**

COMES NOW, Defendant Winmar, Inc. d/b/a Winmar Construction ("Winmar"), by and through counsel, Lee & McShane PC, and respectfully requests that this Court Dismiss the Complaint of Plaintiff Qatar National Bank ("QNB") pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a) for failure to join Al Jazeera International ("Al Jazeera") as a necessary party. In the alternative, Winmar requests this Court to order the joinder of Al Jazeera as a necessary party. In support whereof, Winmar states as follows:

1. Al Jazeera is a necessary party to the present litigation because Al Jazeera has asserted a claim to recover the identical funds at issue from Winmar and has already in fact received payment of part of the funds at issue from Winmar. Winmar faces competing claims for the funds from QNB and Al Jazeera. The issues raised by QNB's claim cannot be fully resolved unless Al Jazeera is a party.

2. QNB alleges a "mistaken" transfer of funds from Al Jazeera's account at QNB in

Qatar to Winmar's account at CitiBank Federal Savings Bank ("CitiBank") in Washington, DC in January of 2006.

3. The transfer occurred in the context of a construction contract between Winmar and Al Jazeera (the "Contract") under which Winmar had performed construction services for Al Jazeera's Washington, DC offices.

4. At the time of the transfer, Winmar was entitled to receive amounts due and owing under the Contract in excess of the amount of the transfer.

5. Al Jazeera has claimed a right to recover the funds from Winmar based on the Contract.

6. Winmar returned $119,380 of the funds at issue to Al Jazeera.

7. Winmar also contends that Al Jazeera, as QNB's principal, ratified the action of its agent, QNB. This issue cannot be properly resolved unless Al Jazeera is a party.

8. Al Jazeera has, according to QNB's pleading, been reimbursed in full by QNB. Al Jazeera has been unjustly enriched and has received both the benefit of the funds under its contract with Winmar and the recovery of the funds from QNB and has in fact received a double reimbursement of part of the funds.

9. Because the rights of Al Jazeera are intertwined with the claims between Winmar and QNB, complete relief cannot be accorded among the parties without the presence of Al Jazeera in this suit. If Al Jazeera is not joined, the court system will face the substantial likelihood of repeated lawsuits involving the same subject matter.

10. Plaintiff's Complaint asserts jurisdiction before this Court pursuant to 28 U.S.C. § 1331, and Al Jazeera's joinder will not deprive this Court of jurisdiction over the action.

11. Winmar's grounds for this motion are more fully set forth in the Memorandum of

Points and Authorities attached hereto and incorporated herein by reference.

WHEREFORE, defendant Winmar respectfully requests that this Court enter an Order granting defendants' Motion to Dismiss for Failure to Join a Necessary Party, or in the alternative, Winmar respectfully requests that this Court enter an Order Mandating Joinder of Al Jazeera.

Dated: August 14, 2006                                      Respectfully submitted,

                                                           LEE & McSHANE, P.C.

By:      /s/ Robert A. Kearbey
        James F. Lee, Jr., (DC Bar No. 247718)
        Arthur T. K. Norris, (DC Bar No. 438907)
        Robert A. Kearbey, (DC Bar No. 491700)
        1211 Connecticut Avenue, N.W.
        Suite 425
        Washington, D.C. 20036
        (202) 530-8100

*Counsel for Defendant, Winmar, Inc.*

## REQUEST FOR HEARING

Pursuant to Rule 12(d) and LCvR 7(f), Defendant, Winmar, Inc. d/b/a Winmar Construction, respectfully requests this Court hold a hearing on its Motion to Dismiss for Failure to Join a Necessary Party, or Alternatively for an Order Mandating Joinder.

Dated: August 14, 2006

                                                       /s/ Robert A. Kearbey
                                                       Robert A. Kearbey

## MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT'S, WINMAR, INC. d/b/a WINMAR CONSTRUCTION, MOTION TO DISMISS FOR FAILURE TO JOIN A NECESSARY PARTY OR ALTERNATIVELY FOR AN ORDER MANDATING JOINDER

Pursuant to Federal Rule of Civil Procedure 12(b)(7) and 19(a), Defendant Winmar, Inc. d/b/a Winmar Construction ("Winmar"), by counsel, Lee & McShane, PC, moves this Court for a dismissal of the Complaint filed by Plaintiff Qatar National Bank ("QNB") for failure to join Al Jazeera International ("Al Jazeera"), or alternatively for an Order mandating the joinder of Al Jazeera, and for its Memorandum of Points and Authorities in Support hereof, states as follows:

### FACTS

Winmar entered into a contract with Al Jazeera to perform construction services in the build-out of office space in Washington, DC (the "Contract"). Winmar had performed a portion of the services under the Contract at the time of the wire transfer at issue in QNB's Complaint. Al Jazeera normally compensated Winmar for its provision of services under the Contract by wiring money from its account at QNB to an account opened by Winmar at CitiBank Federal Savings Bank ("CitiBank") in Washington, DC.

On or about January 31, 2006, funds were wired from Al Jazeera's account at QNB to Winmar's account at Citibank. QNB's Complaint alleges that the transfer was made in error. Following this transfer, Al Jazeera made a demand for the return of funds in the form of a Claim made to the Architect on the construction project. Such claim procedure is contemplated by the Contract. As part of the events surrounding the Claim made by Al Jazeera, Winmar returned to Al Jazeera a portion of the funds that were transferred by QNB. However, Al Jazeera's Claim was made as to the entire amount of the wire transfer, and Al Jazeera has not forfeited such Claim.

QNB is asserting an equitable claim of restitution against Winmar, claiming that Winmar

has received funds which it has no right to keep, and that the bank is entitled to return of those funds. At the same time, Winmar is faced with the competing claim of Al Jazeera for return of the same funds. Al Jazeera is a necessary party to this action and just adjudication cannot be had in Al Jazeera's absence because these competing claims prevent this Court from according complete relief among the parties, the competing claims present the likelihood of multiple lawsuits regarding the same subject matter, and the competing claims have the potential to expose Winmar to duplicative obligations.

## ARGUMENT

Fed. R. Civ. P. 19(a) states the standard for determining what constitutes a necessary party, and states in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) **in his absence complete relief cannot be accorded among those already parties**, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) **leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of its claimed interest.**

[Emphasis Added].

A central issue in Winmar's defense to QNB's claim will be that Al Jazeera ratified the action taken by its agent QNB. Under the principles of Agency, QNB's claim is foreclosed if its Principal has ratified the wire transfer, making it an authorized transfer as opposed to the erroneous transfer alleged. Any adjudication of this issue in the absence of Al Jazeera will not be binding in any subsequent proceeding involving a claim asserted by Al Jazeera for return of the funds. Because both Winmar and QNB could be forced to re-litigate this issue in a subsequent proceedings against Al Jazeera, this Court is unable to accord complete relief in the absence of Al Jazeera.

Similarly, the existence of a debt as between Al Jazeera and Winmar affects the rights and obligations of QNB and Winmar in the present suit. Winmar asserts the defense that it was a good faith purchaser for value under the Discharge for Value rule. Winmar was owed a debt by Al Jazeera, the wire transfer funds were applied against that debt, and at the time the funds were applied against the debt, Winmar had no knowledge of QNB's alleged mistake. The debt owed by Al Jazeera to Winmar directly affects the rights and liabilities of Al Jazeera with regard to its claims under the construction contract, and if Al Jazeera is not joined, this issue will be subject to being re-litigated in a subsequent proceeding between Winmar and AJI.

## CONCLUSION

As set forth in the Motion and Memorandum, Al Jazeera is a necessary party in this litigation. Without Al Jazeera, complete relief cannot be accorded among the parties, Winmar will face the potential for inconsistent, competing obligations, and the Court may be burdened by multiple lawsuits regarding the same subject matter. Al Jazeera should be joined in this case. Absent Al Jazeera's joinder, QNB's Complaint should be dismissed for failure to join a necessary party.

Dated: August 14, 2006                                  Respectfully submitted,

                                                        LEE & McSHANE, P.C.


                                            By:        /s/ Robert A. Kearbey
                                                        James F. Lee, Jr., (DC Bar No. 247718)
                                                        Arthur T. K. Norris, (DC Bar No. 438907)
                                                        Robert A. Kearbey, (DC Bar No. 491700)
                                                        1211 Connecticut Avenue, N.W.
                                                        Suite 425
                                                        Washington, D.C. 20036
                                                        (202) 530-8100
                                                        *Counsel for Defendant, Winmar, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:06CV01307 |
| : | |
| WINMAR, INC. d/b/a : | |
| WINMAR CONSTRUCTION, : | |
| : | |
| Defendant. : | |

### ORDER

UPON CONSIDERATION of Defendant, Winmar, Inc. d/b/a Winmar Construction's Motion to Dismiss for Failure to Join a Necessary Party or Alternatively for an Order Mandating Joinder, any opposition thereto, and the entire record herein, it is this ____ day of _____, 2006:

ORDERED that Al Jazeera International is a necessary party to this action;

FURTHER ORDERED that Plaintiff's Complaint shall be DISMISSED if Plaintiff fails to join Al Jazeera International as a party to this action within 30 days of the date of this Order.

_____
Judge Gladys Kessler

Copies To:

James F. Lee, Jr.
Arthur T. K. Norris
Robert A. Kearbey
Lee & McShane, PC
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
*Counsel for Defendant, Winmar, Inc.*

Ronald S. Liebman
Ugo Colella
Patton Boggs LLP
2550 M Street NW
Washington, DC 20037
*Counsel for Plaintiff Qatar National Bank*