UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK, | : |
| **Plaintiff,** | : |
| v. | : Case No.: 1:06CV01307 |
| WINMAR, INC. d/b/a WINMAR CONSTRUCTION, | : |
| **Defendant.** | : |

**DEFENDANT'S, WINMAR, INC.'S REPLY TO PLAINTIFF QATAR NATIONAL BANK'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN A NECESSARY PARTY OR IN THE ALTERNATIVE FOR AN ORDER <u>MANDATING JOINDER</u>**

COMES NOW, Defendant Winmar, Inc. d/b/a Winmar Construction ("Winmar"), by and through counsel, Lee & McShane PC, and for its reply to the opposition of Plaintiff Qatar National Bank ("QNB") to Winmar's motion pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a) for failure to join Al Jazeera International ("Al Jazeera") as a necessary party, states as follows:

I.   INTRODUCTION

At a minimum, the Court should order the joinder of Al-Jazeera as a party pursuant to Rule 19, which is the alternative relief sought by Defendant's motion. QNB's Opposition does not argue that the joinder of Al-Jazeera is not feasible. As stated in Defendant's Motion, joinder of Al-Jazeera will not deprive this Court of jurisdiction or venue. The Court has discretion to grant the relief sought by Winmar, and Winmar is respectfully requesting this Court exercise its discretion and order the joinder of Al-Jazeera in this action as necessary for just adjudication. If Al-Jazeera is not joined, Winmar requests Plaintiff's Complaint be dismissed.

II.   ARGUMENT

QNB's Opposition misinterprets this Court's holding in *Credit Lyonnais-New York v.*

*Washington Strategic Consulting Group, Inc.*, 886 F.Supp. 92, 92-93 (D.D.C. 1995), as applicable to the case at bar and dispositive of the issue of Al-Jazeera's necessity in this case. *Credit Lyonnais* is easily distinguishable from the present case because it is not addressing a wire transfer made through Fedwire. This Court in *Credit Lyonnais* did not address the federal regulations regarding wire transfers made through Fedwire, nor the UCC provisions incorporated thereinto, and issued its decision based solely on a "narrowly drawn issue" under principles of restitution.

This distinction is important for two reasons. First, the federal regulations specifically incorporate the discharge-for-value defense, making Al-Jazeera's actions and the relationship between Winmar and Al-Jazeera potentially dispositive of the claims of QNB. Second, the federal regulations specifically govern the ability of a receiving bank, here QNB, to recover funds transferred through Fedwire to a beneficiary bank, and such determination is based on whether the transfer was authorized under principles of agency.

### A. Federal Reserve Regulation J incorporates UCC Article 4A, and applies the discharge-for-value defense to wire transfers made through Fedwire.

In the present case, the wire transfer was sent through Fedwire, and federal regulations given the force of federal law are in place to govern the relationships between the parties. *See* 12 C.F.R. §§ 210.25-31 ("Regulation J"). "Regulation J 'incorporates the provisions of Article 4A' of the U.C.C. as set forth in the Regulation, id. § 210.25(b)(1), and 'governs the rights and obligations of,' inter alia, 'parties to a funds transfer any part of which is carried out through Fedwire....'" *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1274 (11th Cir. 2003) (quoting 12 C.F.R. 210.25(b)(2)(v)). "Accordingly, the provisions of Article 4A, as incorporated to funds transfers using Fedwire via Regulation J, apply to the circumstances before us." *Id.* at 1274.

Article 4A incorporates the discharge-for-value defense in U.C.C. §4A-303(a), making the defense applicable to the wire transfer at issue. *See General Elec. Capital Corp. v. Central Bank*, 49 F.3d 280, 284-86 (7th Cir. 1995). Al-Jazeera is needed for just adjudication of the issues surrounding Winmar's defense that Al-Jazeera owed a debt to Winmar, that Winmar immediately applied the transferred funds to the debt owed by Al-Jazeera, and that Winmar had no knowledge of QNB's alleged mistake at the time it applied the funds to the debt of Al-Jazeera.

### B. Principles of agency are incorporated into wire transfer transactions made through Fedwire, and the question of whether the disputed wire transfer was authorized is determined by such principles.

QNB's Opposition mischaracterizes Winmar's argument that Al-Jazeera is necessary simply because they are QNB's principal in the transaction at issue. QNB first argues that principles of Agency are inapplicable to the relationship between QNB and Al-Jazeera, relying on state law from New York, and next argues that Rule 19 does not require joinder of principal and agent. As stated above, the regulations governing the transaction at issue specifically incorporate principles of agency, and whether the transaction at issue was erroneous, as QNB has the burden to prove, or was authorized by Al-Jazeera, as Winmar will plead and seek to prove, is a key determination governing the outcome of QNB's claims.

QNB's reliance on New York state law, applied in *Kings Premium Service Corp. v. Manufacturers Hanover Trust Co.*, 496 N.Y.S. 2d 524, 526 (2d Dep't. 1985), to assert that the relationship between Al-Jazeera and QNB is that of debtor and creditor rather than principal and agent is misplaced. Again, QNB has cited case law that was not subject to Federal Reserve regulations. The principles of Agency are incorporated by the federal regulations, and federal courts have contemplated the issue that a "receiving bank" is the agent of a "sender" for the

purpose of executing a payment order. *See Shawmut Worcester County Bank v. First American Bank & Trust*, 731 F. Supp. 57, 63 (D. Mass. 1990) (noting that the agency relationship that exists between a receiving bank and the sender does not extend beyond the receiving bank to the beneficiary's bank).

While QNB may be able to recover some or all of an **unauthorized** or "erroneous" transfer pursuant to the law of mistake or restitution, subject of course to the applicable defenses thereto, the incorporation of the law of agency into Section 4A-202 regarding authorized payment orders adds an additional line of inquiry that QNB seeks to disregard. Whether Al-Jazeera authorized the payment order, or ratified the payment order after the fact, is potentially determinative of whether QNB can recover the transferred funds from Winmar.

"[A] party can adopt a prior act that did not bind him but that was done or professed to be done on his account; the subsequent ratification relates back and provides original authorization for the unauthorized act. Restatement (Second) of Agency § 82 (1958)." *G & R Corp. v. American Sec. & Trust Co.*, 173 U.S. App. D.C. 215 (D.C. Cir. 1975). "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act ... is given effect as if originally authorized by him." *Lewis v. Washington Metro. Area Transit Auth.*, 463 A.2d 666, 672 n.12 (D.C. 1983) [**59] (quoting Restatement (Second) of Agency § 82 (1958)). In *Chase v. Pan-Pacific Broadcasting, Inc.*, 617 F. Supp. 1414, 1424 (D.D.C. 1985), this Court quoted the *Lewis* case, "[t]he principal may ratify the act expressly or impliedly, by conduct inconsistent with any other hypothesis." *Chase* also quotes *Lewis* in its reference to secondary material on agency, "3 Am. Jur. 2d Agency § 161 (1963) ("ratification may be implied from any act, words, or course of conduct on the part of the principal which reasonably tends to show an intention on his part to ratify the unauthorized acts

4

or transactions of the alleged agent.")." *Id.* at 1424.

Ratification precludes QNB's claim for restitution because what would be an unauthorized or erroneous transfer, as claimed by QNB, becomes an authorized transfer between Al-Jazeera and Winmar. Such ratification forecloses QNB's obligation to refund the account of Al-Jazeera and precludes recovery by QNB from Winmar pursuant to the federal regulations upon which QNB has based its claim.

III. CONCLUSION

The relationship between Al-Jazeera and Winmar is directly material to Winmar's obligations to QNB. While QNB would have this Court believe that though it is alleging that it was negligent and sent an erroneous transfer to Winmar, it is entitled to return of the funds as a matter of law with no additional inquiry. The issues regarding the agency relationship between QNB and Al-Jazeera, and the issues comprising the defense of discharge-for-value directly relate to the ability of QNB to succeed on its restitution claims, and Winmar requests the Court consider the interests of justice and judicial economy in ordering the joinder of Al-Jazeera to this action, so that complete relief may be accorded among the parties.

WHEREFORE, defendant Winmar respectfully requests that this Court enter an Order Mandating Joinder, and alternatively, Dismissing QNB's claims if Al-Jazeera is not joined.

Dated: September 13, 2006

Respectfully submitted,

LEE & McSHANE, P.C.

By:    /s/ Robert A. Kearbey
James F. Lee, Jr., (DC Bar No. 247718)
Arthur T. K. Norris, (DC Bar No. 438907)
Robert A. Kearbey, (DC Bar No. 491700)

5

                                    1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
(202) 530-8100

*Counsel for Defendant, Winmar, Inc.*