UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QATAR NATIONAL BANK           )
                              )
            Plaintiff,        )         Case No.: 1:06CV01307
                              )
    v.                        )
                              )
WINMAR, INC. d/b/a            )
WINMAR CONSTRUCTION           )
                              )         JOINT MEET AND CONFER STATEMENT
                              )
_____)

Pursuant to FED. R. CIV. P. 16 and 26(f), LCvR 16.3(c), and the Court's order dated August 17, 2006, the parties, Plaintiff, Qatar National Bank ("QNB"), and Winmar, Inc. d/b/a Winmar Construction ("Winmar"), hereby respectfully submit this report addressing the topics listed in LCvR 16.3(c). Included, as required by the Court, is a brief statement of the case and the statutory basis for all causes of action and defenses.

I.  **PLAINTIFF'S STATEMENT OF THE CASE AND STATUTORY BASIS FOR CAUSES OF ACTION**

In this action, QNB seeks recovery of an erroneous, duplicate payment it made to Winmar. On December 12, 2005, QNB executed a payment order from its customer, Al-Jazeera International ("Al-Jazeera"), in the amount of $474,677.00, payable to Winmar using the Fedwire system. On January 30, 2006, Al-Jazeera sent a second fax seeking confirmation of whether the December 12 payment order had been executed. QNB misconstrued the fax as a second payment order and, on the same day, sent a second, duplicate payment of $474,677.00 to Winmar. After realizing the error, beginning on February 2, 2006, QNB made repeated requests for Winmar to return the money. On March 20, 2006, QNB refunded the payment of $474,677.00 to Al-Jazeera's account. Winmar has refused to return any of the $474,677.00 duplicate payment to QNB.

Pursuant to Federal Reserve Regulation J and U.C.C. Article 4A Section 4A-303, incorporated therein, governing Funds Transfers through the Fedwire system, "[a] receiving bank that ... issues a payment order in execution of the sender's order and then issues a duplicate order, ... is entitled to recover from the beneficiary of the erroneous order the excess payment received to the extent allowed by the law governing mistake and restitution." 12 C.F.R. § 210.25 (enacted pursuant to 12 U.S.C. § 248) and Appendix B to Subpart B thereto. Thus, Plaintiff believes that it is entitled under federal law to payment of the amount of the erroneous duplicate order as allowed by the state law governing mistake and restitution, specifically the doctrines of unjust enrichment and money had and received. Plaintiff further believes that the law of restitution and mistake in this District, as set forth in *Credit Lyonnais-New York v. Washington Strategic Consulting Group, Inc*, 886 F. Supp. 92 (D.D.C. 1995), makes the relationships and transactions between Winmar and Al-Jazeera immaterial to the determination of this action. *See also* U.C.C. section 4A-212 on "Funds Transfers" (incorporated into applicable Regulation J) ("A receiving bank is not the agent of the sender or beneficiary of the payment order it accepts, or of any other party to the funds transfer ... ").

II.   **DEFENDANT'S STATEMENT OF THE CASE AND STATUTORY BASIS FOR DEFENSES**

This action arises out of a construction dispute that arose between Al-Jazeera and Winmar during the build-out of office space leased by Al-Jazeera for its Washington, DC news bureau. During the course of that dispute, Al-Jazeera and/or its bank, QNB, sent a wire transfer through the Federal Reserve Fedwire system from Al-Jazeera's account at QNB to Winmar's account at Citibank in Washington, DC. QNB claims that this wire transfer was in error and has requested return of the money from Winmar.

At the time of the transfer, Winmar was owed money from Al-Jazeera. Winmar relies on two defenses to the present action. The first defense is that of Discharge for Value. This statutory

2

defense is contained in UCC § 4A-303(a), enumerated in the comments thereto, and incorporated into the Federal Regulations governing wire transfers through Fedwire by 12 C.F.R. § 210.25(b)(1). This section of the Federal Regulations is given the force and effect of federal law in 12 C.F.R. §§ 210.25(a). Winmar contends that it was owed a debt by Al-Jazeera, that it applied the funds to the debt owed, and that at the time it applied the funds to Al-Jazeera's debt, it had no knowledge that the wire transfer was mistaken.

Winmar's second defense is that Al-Jazeera ratified the payment order, and therefore under principles of agency, QNB is not able to recover on the authorized transaction of its principal for purposes of this transaction. Agency principles are incorporated into the federal regulations governing transfers through Fedwire by UCC § 4A-202 ("A payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency."). Al-Jazeera ratified the transaction through its inclusion of the transfer in the claim it made to the Architect on the underlying construction project, and Al-Jazeera's ratification made the transfer an authorized payment order under UCC § 4A-202, and they are bound by it under the law of agency. Winmar argues that QNB has no standing to sue or be sued on the authorized transfer made from Al-Jazeera's account to Winmar's account.

Winmar believes that Al-Jazeera is a necessary party to this case and has made a Rule 12(b)(7) motion to dismiss and sought the alternative relief of an Order mandating joinder of Al-Jazeera. Winmar sees little productivity in ADR without the presence of Al-Jazeera. Winmar is not prepared to voluntarily return money that it received from Al-Jazeera because that money was due to Winmar under the Construction Contract. Winmar has met and conferred with counsel for QNB and believes that settlement discussions held prior to a determination of whether Al-Jazeera's joinder will be mandated would be unproductive and fruitless.

III. **PARTIES' JOINT STATEMENT ADDRESSING ALL MATTERS LISTED IN LCvR 16.3(c)**

The parties have conferred and reached agreement on many of the matters listed in LCvR 16.3(c), as stated below. On the issues where the parties were unable to agree, each party has set forth its own position separately below.

(1) **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff believes that the case may be resolved by a dispositive motion. Plaintiff believes that there are grounds for the court to grant motion for judgment on the pleadings and/or a motion for summary judgment in favor of Plaintiff.

Defendant believes that Al-Jazeera should be joined in this action, and if they are not joined that the Court should grant its Motion to Dismiss for Failure to Join a Necessary Party. Defendant believes that there are grounds to grant a motion for summary judgment in favor of Defendant.

The parties agree that discovery, other than initial disclosures, should commence after the court determines Defendant's Motion seeking mandatory joinder of Al-Jazeera.

(2) **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff believes that joinder of any additional parties, including Al-Jazeera, is unnecessary and inappropriate. Defendant believes that joinder of Al-Jazeera is appropriate and necessary and is uncertain whether it will want to join any further parties. To the extent that the Court permits joinder of additional parties, the present parties agree that this should be accomplished within 15 days after the Court rules on Defendant's Motion to Dismiss or Alternatively for an Order Mandating Joinder. The parties agree that it is likely that some factual and legal issues can be agreed

upon or narrowed. The parties will work cooperatively toward entering into stipulations on those matters where agreement can be reached.

(3) **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge.

(4) **Whether there is a realistic possibility of settling the case.**

Plaintiff believes that there is a realistic chance of settling the case between the two present parties. Defendant believes that settlement is unlikely until Al-Jazeera is joined as a party.

(5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff is open to discussing reasonable proposals for resolving this matter at an early stage of the litigation. As such, Plaintiff is not opposed to reasonable, cost-efficient mediation proceedings or early neutral evaluation.

Defendant believes that resolution at an early stage of the litigation is unlikely without the presence of Al-Jazeera, and while it is not opposed to mediation or neutral case evaluation, believes that these will be unproductive prior to resolution of its 12(b)(7) motion.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff believes that the case can be resolved by a judgment on the pleadings or a motion for summary judgment. Defendant believes that the existence of fact issues make this possibility remote.

Plaintiff believes that the "Standard Track" number Two in Appendix I to the Court's order dated August 17, 2006 should apply to the case. Plaintiff's proposed Order is attached hereto as

5

Exhibit A. Defendants believe that the "Complex Track" number three in the same Appendix should apply to the case. Defendant's proposed Order is attached hereto as Exhibit B.

Accordingly, Plaintiff proposes that the deadline for motions and cross-motions for summary judgment should be February 25, 2007. Defendant proposes that the deadline for motions and cross-motions for summary judgment should be June 15, 2007. Both parties agree that the respondent party should have 20 days to file an opposition to such a motion, and the movant shall have an additional 10 days to file a reply in support of the original motion.

 (7) **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that initial disclosures should be made on or before October 10, 2006.

 (8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff believes that no discovery is necessary to resolve this case because the discharge for value defense is inapplicable and because QNB is not Al-Jazeera's agent as a matter of law.

Defendants disagree and believe that they need to conduct discovery covering such topics as the relationship between Al-Jazeera and QNB, the circumstances surrounding the wire transfer at issue, the investigation conducted by QNB into the wire transfer, and Al-Jazeera's actions following the wire transfer.

To the extent that documents containing non-public financial information or other private or confidential information, the parties agree that a protective order limiting the use of such disclosed information to the prosecution or defense of the case is warranted.

To the extent the Court deems discovery necessary, Plaintiff believes that the following deadlines are appropriate:

Exchange Witness Lists:                October 25, 2006

Deadline for Discovery Requests:       November 9, 2006

All Discovery Closed:                  January 25, 2007

Defendant believes that that the following deadlines are appropriate:

Exchange Witness Lists:                November 24, 2006

Deadline for Discovery Requests:       December 26, 2006

All Discovery Closed:                  April 25, 2007

The parties agree that a maximum of 25 interrogatories and 25 requests for admission should be allowed by each party to each other party. The parties also agree that a maximum of five depositions may be conducted by each party.

(9)  Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties agree that they do not anticipate the need for any expert testimony, and therefore propose that all matters relating to discovery of experts be suspended until such time as any party determines that expert testimony may be desirable.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that no reason presently exists to bifurcate trial and/or discovery.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Since a pretrial conference will be unnecessary unless the Court denies all dispositive motions, the parties agree that, if the Court does so, the pretrial conference should be set for 60 days after the Court's order denying the last dispositive motion.

(13) **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that a trial date need not be set until the pretrial conference.

(14) **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties do not believe that any additional matter beyond those addressed herein need to be addressed by the parties.

DATED:    September 26, 2006              Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　／s／ Alan T. Dickey
　　　　　　　　　　　　　　　　　　　　　Ronald S. Liebman (D.C. Bar No. 239657)
　　　　　　　　　　　　　　　　　　　　　Alan T. Dickey (DC Bar # 496403)
　　　　　　　　　　　　　　　　　　　　　PATTON BOGGS LLP
　　　　　　　　　　　　　　　　　　　　　2550 M Street, N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20037
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 457-6000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 457-6315

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　*Qatar National Bank*


　　　　　　　　　　　　　　　　　　　　　　／s／ Robert A. Kearbey
　　　　　　　　　　　　　　　　　　　　　James F. Lee, Jr., (DC Bar No. 247718)
　　　　　　　　　　　　　　　　　　　　　Arthur T. K. Norris, (DC Bar No. 438907)
　　　　　　　　　　　　　　　　　　　　　Robert A. Kearbey, (DC Bar No. 491700)
　　　　　　　　　　　　　　　　　　　　　1211 Connecticut Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　Suite 425
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　(202) 530-8100

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　*Winmar Construction*