UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QATAR NATIONAL BANK,

        Plaintiff,

v.

WINMAR, INC. d/b/a
WINMAR CONSTRUCTION,

        Defendant.

Case No.: 1:06CV01307

## ANSWER

COMES NOW Defendant, Winmar, Inc. ("Winmar"), by counsel, and hereby answers the Complaint of Qatar National Bank.

Except as hereinafter expressly admitted, qualified, or otherwise admitted, Winmar specifically denies each and every allegation, statement, matter and thing contained in the Complaint. Winmar responds to the numbered allegations in the Complaint on knowledge to themselves and on information and belief as to other matters, as follows:

### PARTIES

1. Winmar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2. Admit.

### JURISDICTION AND VENUE

3. Winmar repeats, realleges and incorporates by reference the responses in paragraphs 1-2 as though fully set forth herein in response to paragraph 3.

4. Denied.

5. Winmar admits that, to the extent that the Court has subject-matter jurisdiction, venue is

proper in this Court. Winmar denies all of the remaining allegations in paragraph 5 of the Complaint.

## FACTS

6. Winmar repeats, realleges and incorporates by reference the responses in paragraphs 1-5 as though fully set forth herein in response to paragraph 6.

7. Winmar admits that it received $474,677.00 via wire transfer from Al-Jazeera International ("Al-Jezeera") on or about December 12, 2005. Winmar is without sufficient information to either admit or deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies same.

8. Denied.

9. Denied.

10. Winmar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations.

11. Winmar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12. Winmar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies those allegations.

13. Denied.

14. Denied.

## COUNT ONE

(Money Had and Received/Money Received by Mistake)

15. Winmar repeats, realleges and incorporates by reference the responses in paragraphs 1-

14 as though fully set forth herein in response to paragraph 15.

16. Denied.

17. Denied.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Winmar denies the allegations in paragraph 18 of the Complaint.

19. Denied.

## COUNT TWO

### (Unjust Enrichment)

20. Winmar repeats, realleges and incorporates by reference the responses in paragraphs 1-19 as though fully set forth herein in response to paragraph 20.

21. Denied.

22. Denied.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Winmar denies the allegations in paragraph 23 of the Complaint.

24. Denied.

25. Denied.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Winmar denies the allegations in paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

Winmar asserts the following affirmative defenses based on their current knowledge and information.

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the Discharge for Value Rule because Winmar made no misrepresentation and did not have notice of Plaintiff's mistake when it credited the funds to discharge the debt of Al Jazeera.

3. The Complaint is barred by the Mistake of Fact Rule.

4. The Complaint is barred because Al Jazeera as principal ratified the wire transfer made by its agent Qatar National Bank.

5. The Court lacks subject-matter jurisdiction over the Complaint because plaintiff lacks standing.

6. The Complaint is barred by laches.

7. The Complaint is barred by the contributory negligence of the Plaintiff.

8. The Complaint is barred by payment.

9. The Complaint is barred by the Plaintiff's assumption of the risk.

10. The Complaint is barred by the doctrine of waiver.

11. The Complaint is barred by Plaintiff's failure to mitigate damages.

12. The Complaint is barred by the principles of set off and recoupment.

The Defendant asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Defendant reserves the right to withdraw any of these affirmative defenses or to assert any additional defenses as further information becomes

available.

WHEREFORE, Winmar prays for a judgment dismissing the Complaint with prejudice and awarding it the costs and disbursements of this action, together with attorney's fees, and such additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant Winmar, Inc. hereby demands trial by jury on all issues.

Dated: October 6, 2006

Respectfully submitted,

LEE & McSHANE, P.C.

By: /s/ Robert A. Kearbey

James F. Lee, Jr., (DC Bar No. 247718)
Arthur T. K. Norris, (DC Bar No. 438907)
Robert A. Kearbey, (DC Bar No. 491700)
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
(202) 530-8100
*Counsel for Defendant, Winmar, Inc.*