## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **QATAR NATIONAL BANK,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:06CV01307** |
| | : | |
| **WINMAR, INC. d/b/a** | : | |
| **WINMAR CONSTRUCTION,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT WINMAR, INC. d/b/a WINMAR CONSTRUCTION'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST AL-JAZEERA INTERNATIONAL

COMES NOW, Defendant Winmar, Inc. d/b/a Winmar Construction ("Winmar"), by and through counsel, Lee & McShane PC, and respectfully requests that this Court grant it leave to file a third-party complaint against Al-Jazeera International ("Al Jazeera") pursuant to Fed. R. Civ. P. 14(a) for indemnification and contribution and Fed. R. Civ. P. 18(a) for breach of contract, unjust enrichment and money had and received and money received by mistake. In support whereof, Winmar states as follows:

1.     The Third-Party Complaint is attached hereto as Exhibit A.

2.     The wire transfer forming the basis of the present action occurred in the context of a construction contract between Winmar and Al Jazeera (the "Contract") under which Winmar had performed construction services for Al Jazeera's Washington, DC offices.

3.     Al Jazeera has asserted a claim under the Contract to recover the funds at issue in this litigation, and has already in fact received payment of part of the funds at issue from Winmar. Winmar faces competing claims for the funds from QNB and Al Jazeera. The issues raised by QNB's claim cannot be fully resolved unless Al Jazeera is a party.

4.      QNB alleges a "mistaken" transfer of funds from Al Jazeera's account at QNB in Qatar to Winmar's account at CitiBank Federal Savings Bank ("CitiBank") in Washington, DC in January of 2006.

5.      At the time of the transfer, Winmar was entitled to receive amounts due and owing under the Contract in excess of the amount of the transfer.

6.      Winmar returned $119,380 of the funds at issue to Al Jazeera.

7.      Winmar contends that Al Jazeera, as QNB's principal, ratified the action of its agent, QNB. This issue cannot be properly resolved unless Al Jazeera is a party.

8.      Al Jazeera has, according to QNB's pleading, been reimbursed in full by QNB. Al Jazeera has been unjustly enriched and has received both the benefit of the funds under its contract with Winmar and the recovery of the funds from QNB and has in fact received a double reimbursement of part of the funds.

9.      Because the rights of Al Jazeera are intertwined with the claims between Winmar and QNB, complete relief cannot be accorded among the parties without the presence of Al Jazeera in this suit. If Al Jazeera is not permitted to be joined, the court system will face the substantial likelihood of repeated lawsuits involving the same subject matter.

10.     QNB will not be prejudiced by the joinder of Al-Jazeera pursuant to Fed. R. Civ. P. 14(a), nor by the joinder of claims against Al-Jazeera pursuant to Fed. R. Civ. P. 18(a).

11.     This Court has jurisdiction over all claims in the attached Third-Party Complaint pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity).

12.     Additionally, all of Winmar's claims in the attached Third-Party Complaint arise out of the same transaction or occurrence or series of transactions or occurrences as those at issue in this litigation, and supplemental jurisdiction is proper under 28 U.S.C. § 1367(a).

13.     Pursuant to LCvR 7(m), the parties briefly discussed this motion in the presence of the Court at the scheduling hearing on September 29, 2006, and QNB's counsel stated their opposition to this Motion.

14.     Winmar's grounds for this motion are more fully set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

WHEREFORE, defendant Winmar respectfully requests that this Court enter an Order granting defendants' Motion for Leave to File Third-Party Complaint Against Al-Jazeera International and For Joinder of Contract Claims Pursuant to Rule 18(a), and for such other and further relief as this Court deems just and proper.

Dated: October 2, 2006                      Respectfully submitted,

                                            LEE & McSHANE, P.C.


                            By:     ____/s/ Robert A. Kearbey_____
                                    James F. Lee, Jr., (DC Bar No. 247718)
                                    Arthur T. K. Norris, (DC Bar No. 438907)
                                    Robert A. Kearbey, (DC Bar No. 491700)
                                    1211 Connecticut Avenue, N.W.
                                    Suite 425
                                    Washington, D.C.  20036
                                    (202) 530-8100

                                    *Counsel for Defendant, Winmar, Inc.*

**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT WINMAR, INC. d/b/a WINMAR CONSTRUCTION'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST AL-JAZEERA INTERNATIONAL**

Pursuant to Federal Rule of Civil Procedure, Rules 14(a) and 18(a), Defendant Winmar, Inc. d/b/a Winmar Construction ("Winmar"), by counsel, Lee & McShane, PC, moves this Court for leave to file the third-party complaint against Al-Jazeera International ("Al-Jazeera") and for its Memorandum of Points and Authorities in Support hereof, states as follows:

FACTS

Winmar entered into a contract with Al Jazeera to perform construction services in the build-out of office space in Washington, DC (the "Contract"). Winmar had performed a portion of the services under the Contract at the time of the wire transfer at issue in Qatar National Bank's ("QNB") Complaint. Al Jazeera compensated Winmar for its provision of services under the Contract by wiring money from its account at QNB to an account opened by Winmar at CitiBank Federal Savings Bank ("CitiBank") in Washington, DC.

On or about January 31, 2006, funds were wired from Al Jazeera's account at QNB to Winmar's account at Citibank. QNB's Complaint alleges that the transfer was made in error. Following this transfer, Al Jazeera made a demand for the return of funds in the form of a Claim made to the Architect on the construction project. Such claim procedure is contemplated by the Contract. As part of the events surrounding the Claim made by Al Jazeera, Winmar returned to Al Jazeera a portion of the funds that were transferred by QNB. However, Al Jazeera's Claim was made as to the entire amount of the wire transfer, and Al Jazeera has not forfeited such Claim.

QNB is asserting an equitable claim of restitution against Winmar, claiming that Winmar has received funds which it has no right to keep, and that the bank is entitled to return of those funds. To the extent plaintiffs' claims in this action have legal merit, third-party defendant Al-

Jazeera has caused or contributed to the damages and other harms alleged to have been suffered by plaintiffs. To the extent Winmar is held liable to the plaintiff, Al-Jazeera is liable to Winmar for contribution and indemnity.

## APPLICABLE LAW

Fed. R. Civ. P. 14(a) states the standard for when a Defendant may bring in Third party, and states in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.

Fed. R. Civ. P. 18(a) states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

## ARGUMENT

The filing of the Third-Party Complaint by Winmar against Al-Jazeera is proper under the Rules as Winmar's Answer was filed less than ten days prior to the filing of the motion for leave to file the third-party complaint. Pursuant to Rule 14(a), leave of Court is not required when the third-party complaint is filed within this time period, however, in compliance with the Court's Minute Entry of the Proceedings of September 29, 2006, Winmar files this motion.

"Impleader may be appropriate where a third-party defendant is potentially liable to the third-party plaintiff for damages to the extent necessary to put the third-party plaintiff in the position he would have been in absent the alleged wrongdoing by the third-party defendant." *FMC Corp. v.*

CONCLUSION

As set forth in the Motion and Memorandum, the third-party complaint at this time is proper, the Court has jurisdiction over all claims in the third-party complaint, and Al Jazeera's presence is necessary in this litigation.   The filing of the third-party complaint and the joinder of claims thereunder will not unduly delay these proceedings, and it will not prejudice QNB to have all issues surrounding this transaction litigated in one proceeding.  Al-Jazeera is liable to Winmar for any recovery it is determined QNB is entitled to, and the interests of justice and judicial economy support the impleader of Al-Jazeera.  For these reason, Winmar respectfully requests this Court grant it's motion for leave to file the third-party complaint against Al-Jazeera, and for such other relief as this Court deems appropriate.

Dated: October 6, 2006                              Respectfully submitted,

                                                    LEE & McSHANE, P.C.


                            By:      /s/ Robert A. Kearbey
                                    James F. Lee, Jr., (DC Bar No. 247718)
                                    Arthur T. K. Norris, (DC Bar No. 438907)
                                    Robert A. Kearbey, (DC Bar No. 491700)
                                    1211 Connecticut Avenue, N.W.
                                    Suite 425
                                    Washington, D.C.  20036
                                    (202) 530-8100
                                    *Counsel for Defendant, Winmar, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **QATAR NATIONAL BANK,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:06CV01307** |
| | : | |
| **WINMAR, INC. d/b/a** | : | |
| **WINMAR CONSTRUCTION,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

UPON CONSIDERATION of Defendant, Winmar, Inc. d/b/a Winmar

Construction's Motion for Leave to File Third-Party Complaint Against Al-Jazeera

International, any opposition thereto, and the entire record herein, it is this ____ day of

_____, 2006:

ORDERED that Winmar's Motion for Leave to File Third-Party Complaint Against Al

Jazeera International is GRANTED;


_____

Judge Gladys Kessler


Copies To:

James F. Lee, Jr.                                  Ronald S. Liebman
Arthur T. K. Norris                                Ugo Colella
Robert A. Kearbey                                  Patton Boggs LLP
Lee & McShane, PC                                  2550 M Street NW
1211 Connecticut Avenue, N.W.                      Washington, DC  20037
Suite 425                                          *Counsel for Plaintiff Qatar National Bank*
Washington, D.C.  20036
*Counsel for Defendant, Winmar, Inc.*