UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK, : | |
|       **Plaintiff,** : | |
| v. : | Case No.: 1:06CV01307 |
| WINMAR, INC. d/b/a : | |
| WINMAR CONSTRUCTION, : | |
|       **Defendant.** : | |

## ERRATA

COMES NOW Defendant, Winmar, Inc. d/b/a Winmar Construction ("Winmar") and files this Errata with the Court. In Defendant Winmar, Inc. d/b/a Winmar Construction's Motion for Leave to File Third-Party Complaint Against Al-Jazeera International, Defendant Winmar, Inc., through technical error, inadvertently omitted page 6 of the document containing a portion of the Argument section of the Memorandum of Points and Authorities in Support of Defendant Winmar, inc. d/b/a Winmar Constrution's Motion for Leave to File Third-Party Complaint Against Al-Jazeera. Winmar attaches page 6 hereto as Exhibit 1 to this Errata.

Dated: October 11, 2006                        Respectfully submitted,

                                                  LEE & McSHANE, P.C.

                     By:      /s/ Robert A. Kearbey
                                                      James F. Lee, Jr., (DC Bar No. 247718)
                                                      Arthur T. K. Norris, (DC Bar No. 438907)
                                                      Robert A. Kearbey, (DC Bar No. 491700)
                                                      1211 Connecticut Avenue, N.W.
                                                      Suite 425
                                                      Washington, D.C. 20036
                                                      (202) 530-8100

                                                      *Counsel for Defendant, Winmar, Inc. d/b/a*
                                                      *Winmar Construction*

*Vendo Co.*, 196 F. Supp. 2d 1023, 1038 (D. Cal. 2002). Al-Jazeera's actions, as alleged in the third-party complaint, make impleader appropriate because Al-Jazeera is potentially liable to Winmar for any recovery QNB receives. Al-Jazeera knowingly accepted double recovery of the funds at issue, and Al-Jazeera is liable to disgorge this duplicate recovery to the extent that Winmar is required to return funds to QNB.

### The Third-Party Complaint will not unduly delay or complicate the litigation.

At this early stage in the litigation, there is no prejudice to QNB in allowing the filing of the third-party complaint and the joinder of claims. Al-Jazeera's presence in this litigation is necessary for complete relief to be accorded among the parties. Some of Winmar's defenses to QNB's allegations rest on the actions of Al-Jazeera arising out of the contractual relationship between Al-Jazeera and Winmar. The allegations in the third-party complaint share a common nexus of fact and where "there is a close factual and logical nexus between the pendent claims added under Rule 18(a) and the original claim…pendent jurisdiction supports these claims. *United States v. Twin Falls*, 806 F.2d 862, 867-868 (9th Cir. 1986) (See also *Schwab v. Erie Lackawanna Railroad*, 438 F.2d 62 (3d Cir. 1971); *Noland Co. v. Graver Tank & Manufacturing Co.*, 301 F.2d 43, 49-51 (4th Cir. 1962)).

The issues in the action between QNB and Winmar are not as simple and straight forward as plaintiff has argued in past filings. Plaintiff relies on *Credit Lyonnais-New York v. Washington Strategic Consulting Group, Inc.*, 886 F.Supp. 92, 92-93 (D.D.C. 1995), in arguing that there are only two relevant parties to this action and that the action. This Court in *Credit Lyonnais* did not address the federal regulations regarding wire transfers made through Fedwire, nor the UCC provisions incorporated thereinto, and therefore the holding in *Credit Lyonnais* is not supportive of QNB's position that Al-Jazeera should be excluded from the action.



EXHIBIT 1