UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:06CV01307 |
| : | |
| WINMAR, INC. d/b/a : | |
| WINMAR CONSTRUCTION, : | |
| : | |
| Defendant. : | |

**DEFENDANT WINMAR, INC. d/b/a WINMAR CONSTRUCTION'S REPLY TO PLAINTIFF QATAR NATIONAL BANK'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST AL-JAZEERA INTERNATIONAL**

I.     INTRODUCTION

Winmar has a Rule 14(a) claim against Al-Jazeera because Al-Jazeera has been reimbursed twice for at least part of the wire transfer at issue, first when Winmar paid Al-Jazeera part of the money, and again when Qatar National Bank ("QNB") refunded the whole transfer to Al-Jazeera. If QNB recovers from Winmar in this action, Winmar will have reimbursed at least part of the wire transfer twice.

Winmar therefore properly pleads a third party claim under Rule 14(a) against Al-Jazeera, who will have been unjustly enriched, on quasi-contractual theories of equitable indemnification or unjust enrichment. Winmar also has contractual claims against Al-Jazeera arising from the project that was the reason for the payment at issue. The same set of facts that supports Winmar's discharge-for-value defense to the QNB claim also supports Winmar's claim for contractual recovery from Al-Jazeera. Winmar's contractual claims against Al-Jazeera are therefore properly joined under Rule 18.

Winmar is not required to prove its claim prior to filing a third-party complaint. For

these reasons, Winmar's motion for leave to file its pleading should be granted.

## II. ARGUMENT

### A. Winmar has pleaded a third-party claim for equitable indemnification and unjust enrichment against Al-Jazeera. If QNB recovers from Winmar, Al-Jazeera will be liable to Winmar for at least part of the judgment.

Winmar's Third-Party Complaint asserts that Al-Jazeera is liable to indemnify Winmar in the event that it is found liable to return funds to QNB. Winmar's equitable indemnification theory is adequately pled, and Winmar should be granted leave to file the Complaint pursuant to Rule 14(a), and to assert additional claims against Al-Jazeera pursuant to Rule 18(a).

The Third-Party Complaint alleges sufficient facts to demonstrate that equitable indemnification, unjust enrichment, and quasi-contractual relief is warranted. "Indemnification is available under two theories: contract (or implied contract) and equitable where 'required to prevent injustice.'" *Richter v. Analex Corp.*, 940 F. Supp. 353, 360 (D.D.C. 1996) (*quoting R&G Orthopedic Appliances v. Curtin*, 596 A.2d 530, 544 (D.C. 1991)). Equitable indemnification "depends essentially upon the relationship between the parties, which may be expressly contractual or may be such that an obligation to indemnify, in a sense quasi-contractual in nature, may be fairly imposed." *Nat'l Health Laboratories v. Ahmadi*, 596 A.2d 555, 558 (D.C. 1991). "A quasi-contract…is…a duty thrust under certain conditions upon one party to requite another in order to avoid the former's unjust enrichment." *Bloomgarden v. Coyer*, 156 U.S. App. D.C. 109 (D.C. Cir. 1973).

Al-Jazeera accepted return of part of the funds from Winmar and led Winmar to take a course of action which has ended in it having to defend in this action. According to the Exhibit filed by QNB in response to Winmar's Motion to Dismiss, Al-Jazeera demanded return of the money from QNB on March 12, 2006. This was three days after Al-Jazeera received $119,380

of the wired funds back from Winmar. Al-Jazeera is the only party who has been unjustly enriched, and substantial injustice will result if this Court prevents Winmar from seeking to hold Al-Jazeera liable for equitable indemnity and unjust enrichment in the present action.

### B. The contract claims are rightly before the Court because they are central to Winmar's properly-alleged Discharge-for-Value and ratification defenses to the QNB claim.

Winmar's contract claims should be joined pursuant to Rule 18(a) because they derive from the same nexus of facts that generated the wire transfer. The relevant time period for the discharge for value defense is the time at which "the beneficiary of the transfer credits the debtor's account." *First Natl Bank & Trust Co. v. Brant (In re Calumet Farm, Inc.)*, 398 F.3d 555, 560 (6th Cir. 2005). The transferred funds were immediately credited to the debt owed by Al-Jazeera. Winmar has alleged a liquidated debt existing at the time the funds were transferred. Subsequent disputes between Winmar and Al-Jazeera, while part of the same nexus of facts on which this litigation is based, are not dispositive of Winmar's defense of Discharge-for-Value.

## II. CONCLUSION

Winmar has properly pleaded a claim of indemnification and unjust enrichment against Al-Jazeera in its Third Party Complaint. Al-Jazeera's actions have left the parties to this litigation in the positions they now find themselves. Al-Jazeera is liable to Winmar to the extent that Winmar is held to be liable to QNB, and for this reason, Winmar should be allowed to file the Third Party Complaint. Likewise, Winmar seeks to properly join related contractual claims pursuant to Rule 18. Joinder of claims is proper and QNB does not argue otherwise. For these reasons, Winmar respectfully requests this Court grant its Motion for Leave to File the Third Party Complaint Against Al-Jazeera International.

Dated: October 18, 2006                     Respectfully submitted,

                                            LEE & McSHANE, P.C.


                                    By:    /s/ Robert A. Kearbey
                                           James F. Lee, Jr., (DC Bar No. 247718)
                                           Arthur T. K. Norris, (DC Bar No. 438907)
                                           Robert A. Kearbey, (DC Bar No. 491700)
                                           1211 Connecticut Avenue, N.W.
                                           Suite 425
                                           Washington, D.C. 20036
                                           (202) 530-8100

                                           *Counsel for Defendant, Winmar, Inc.*

4