UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WINMAR, INC. d/b/a : <br> WINMAR CONSTRUCTION, : <br> : <br> Defendant and Third : <br> Party Plaintiff. : <br> : <br> ─────────────────────────── : <br> : <br> WINMAR, INC. d/b/a : <br> WINMAR CONSTRUCTION, : <br> : <br> Third–Party Plaintiff, and : <br> Counterclaim Defendant, : <br> : <br> v. : <br> : <br> AL-JAZEERA INTERNATIONAL, : <br> : <br> Third-Party Defendant and : <br> Counterclaim Plaintiff. : <br> ─────────────────────────── : | Case No.: 1:06CV01307 |

**DEFENDANT/THIRD-PARTY PLAINTIFF WINMAR, INC.
D/B/A WINMAR CONSTRUCTION'S ANSWER TO THIRD-PARTY
DEFENDANT AL-JAZEERA INTERNATIONAL'S
<u>COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES</u>**

Winmar, Inc., d/b/a Winmar Construction ("Winmar"), by and through counsel, responds to Third-Party Defendant Al-Jazeera International's ("Al-Jazeera") Counterclaims as follows:

1. Winmar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Counterclaims asserted by Al-Jazeera, and therefore, denies same.

2. Winmar admits the allegations contained in paragraph 2 of Al-Jazeera's

Counterclaims.

3. The allegations contained in paragraph 3 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Winmar denies those allegations.

4. In response to paragraph 4 of Al-Jazeera's Counterclaims, Winmar hereby incorporates by reference and reasserts as if fully set forth herein paragraphs 1 through 3 of its Answer to Al-Jazeera's Counterclaims.

5. Winmar admits that Winmar and AJI entered into a contract on November 23, 2005, but denies every other allegation contained in paragraph 5 of Al-Jazeera's Counterclaims. Answering further, Winmar states that the subject contract is the best evidence of its contents.

6. Winmar denies the allegations contained in paragraph 6 of Al-Jazeera's Counterclaims.

7. Winmar admits that it submitted an Application and Certificate for Payment in the amount of $474,677 on or about October 20, 2005, but Winmar denies every other allegation contained in paragraph 7 of Al-Jazeera's Counterclaims.

8. Winmar admits that it submitted an Application and Certificate for Payment in the amount of $115,872 on or about October 20, 2005, but Winmar denies every other allegation contained in paragraph 8 of Al-Jazeera's Counterclaims.

9. Winmar admits that it submitted an Application and Certificate for Payment in the amount of $775,913 on or about November 21, 2005, but Winmar denies every other allegation contained in paragraph 9 of Al-Jazeera's Counterclaims.

10. Winmar admits that it submitted an Application and Certificate for Payment in the amount of $471,678 on or about December 7, 2005, but Winmar denies every other allegation

contained in paragraph 10 of Al-Jazeera's Counterclaims.

11. Winmar denies the allegations contained in paragraph 11 of Al-Jazeera's Counterclaims.

12. Winmar denies the allegations contained in paragraph 12 of Al-Jazeera's Counterclaims.

13. Winmar admits that $474,677 was wired to Winmar on or about December 12, 2005, but Winmar is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of Al-Jazeera's Counterclaims, and therefore, Winmar denies those allegations.

14. Winmar admits that it informed Al-Jazeera on January 4, 2006 that it was suspending services for non-payment, but Winmar denies every other allegation contained in paragraph 14 of Al-Jazeera's Counterclaims.

15. Winmar admits the allegations contained in paragraph 15 of Al-Jazeera's Counterclaims.

16. Winmar is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Al-Jazeera's Counterclaims, and therefore Winmar denies the allegations contained in paragraph 16.

17. Winmar denies the allegations contained in paragraph 17 of Al-Jazeera's Counterclaims.

18. Winmar admits that Al-Jazeera sent a letter dated January 19, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 18 of Al-Jazeera's Counterclaims

19. Winmar denies the allegations contained in paragraph 19 of Al-Jazeera's

Counterclaims.

20. Winmar denies the allegations contained in paragraph 20 of Al-Jazeera's Counterclaims.

21. Winmar is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of Al-Jazeera's Counterclaims, and therefore Winmar denies the allegations contained in paragraph 21.

22. Winmar denies the allegations contained in the first sentence of paragraph 22 of Al-Jazeera's Counterclaims. Winmar is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 22 of Al-Jazeera's Counterclaims, and therefore, Winmar denies those allegations.

23. Winmar admits that Al-Jazeera sent a letter dated February 24, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 23 of Al-Jazeera's Counterclaims.

24. Winmar admits that it sent a letter to Al-Jazeera, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 24 of Al-Jazeera's Counterclaims.

25. Winmar denies the allegations contained in pargraph 25 of Al-Jazeera's Counterclaims.

26. Winmar admits that Al-Jazeera sent a letter dated February 24, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 26 of Al-Jazeera's Counterclaims.

27. Winmar is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Al-Jazeera's Counterclaims, and

therefore Winmar denies the allegations contained in paragraph 27.

28.     Winmar admits that the Architect sent a letter dated March 20, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 28 of Al-Jazeera's Counterclaims.

29.     Winmar admits that Al-Jazeera sent a letter dated February 24, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 29 of Al-Jazeera's Counterclaims.

30.     Winmar admits that the Architect sent a letter dated March 20, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 30 of Al-Jazeera's Counterclaims.

31.     Winmar admits that Al-Jazeera sent a letter dated February 24, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 31 of Al-Jazeera's Counterclaims.

32.     Winmar admits that the Architect sent a letter dated March 20, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 32 of Al-Jazeera's Counterclaims.

33.     Winmar admits that Al-Jazeera sent a letter dated February 24, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 33 of Al-Jazeera's Counterclaims.

34.     Winmar admits that the Architect sent a letter dated March 20, 2006, but Winmar denies all characterizations of the terms of the letter and all selective quotations of the letter, and Winmar denies every other allegation contained in paragraph 34 of Al-Jazeera's Counterclaims.

35.     Winmar admits the allegations contained in paragraph 35 of Al-Jazeera's

Counterclaims to the extent that they correctly quote the General Conditions they purport to characterize, but Winmar denies every other allegation contained in paragraph 35 of Al-Jazeera's Counterclaims. Answering further, Winmar states that the Contract is the best evidence of its contents.

36.     The allegations contained in paragraph 36 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 36 of Al-Jazeera's Counterclaims. Answering further, Winmar states that Winmar and Al-Jazeera have waived their rights to mediation as a condition precedent to litigation.

37.     Winmar denies the allegations contained in paragraph 37 of Al-Jazeera's Counterclaims.

38.     Winmar denies the allegations contained in paragraph 38 of Al-Jazeera's Counterclaims.

### Count I: Breach of Contract

39.     In response to paragraph 39 of Al-Jazeera's Counterclaims, Winmar hereby incorporates by reference and reasserts as if fully set forth herein paragraphs 1 through 38 of its Answer to Al-Jazeera's Counterclaims.

40.     Winmar denies the allegations contained in paragraph 40 of Al-Jazeera's Counterclaims.

41.     Winmar denies the allegations contained in paragraph 41 of Al-Jazeera's Counterclaims.

42.     Winmar denies the allegations contained in paragraph 42 of Al-Jazeera's Counterclaims.

43. The allegations contained in paragraph 43 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 43 of Al-Jazeera's Counterclaims.

44. The allegations contained in paragraph 44 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 44 of Al-Jazeera's Counterclaims.

### Count II: Mistake

45. In response to paragraph 45 of Al-Jazeera's Counterclaims, Winmar hereby incorporates by reference and reasserts as if fully set forth herein paragraphs 1 through 44 of its Answer to Al-Jazeera's Counterclaims.

46. Winmar admits that Winmar submitted an Application and Certificate for Payment in the amount of $474,677 on or about October 20, 2005, but Winmar denies every other allegation contained in paragraph 46 of Al-Jazeera's Counterclaims.

47. Winmar admits that it received a payment from Al-Jazeera on December 12, 2005 in the amount of $474,677, but Winmar denies every other allegation contained in paragraph 47 of Al-Jazeera's Counterclaims.

48. Winmar denies the allegations contained in paragraph 48 of Al-Jazeera's Counterclaims.

49. Winmar denies the allegations contained in paragraph 49 of Al-Jazeera's Counterclaims.

50. Winmar denies the allegations contained in paragraph 50 of Al-Jazeera's Counterclaims.

51. The allegations contained in paragraph 51 of Al-Jazeera's Counterclaims are legal

conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 51 of Al-Jazeera's Counterclaims.

### Count III: Unjust Enrichment

52. In response to paragraph 51 of Al-Jazeera's Counterclaims, Winmar hereby incorporates by reference and reasserts as if fully set forth herein paragraphs 1 through 51 of its Answer to Al-Jazeera's Counterclaims.

53. The allegations contained in paragraph 53 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 53 of Al-Jazeera's Counterclaims.

54. The allegations contained in paragraph 54 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 54 of Al-Jazeera's Counterclaims.

55. The allegations contained in paragraph 55 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 55 of Al-Jazeera's Counterclaims.

56. The allegations contained in paragraph 56 of Al-Jazeera's Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Winmar denies the allegations contained in paragraph 56 of Al-Jazeera's Counterclaims.

57. In response to Al-Jazeera's request for relief, Winmar restates in their entirety and incorporates by reference the foregoing responses to paragraphs 1 through 56 of its Answer to Al-Jazeera's Counterclaims.

### GENERAL DENIAL

Each and every allegation of Al-Jazeera's Counterclaims not specifically admitted above

is hereby denied.

## FIRST DEFENSE

Al-Jazeera's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Al-Jazeera's Counterclaims are barred by assumption of risk.

## THIRD DEFENSE

Al-Jazeera's Counterclaims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FOURTH DEFENSE

Al-Jazeera's Counterclaims are barred by the doctrine of set off and recoupment.

## FIFTH DEFENSE

Al-Jazeera's Counterclaims are barred, in whole or in part, by the doctrine of release and waiver.

## SIXTH DEFENSE

Al-Jazeera's Counterclaims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH DEFENSE

Al-Jazeera's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH DEFENSE

Winmar reserves the right to raise such other and further defenses as may become appropriate in the course of these proceedings.

Dated: February 21, 2007

Respectfully submitted,

LEE & McSHANE, P.C.

By:     /s/ Robert A. Kearbey
James F. Lee, Jr., (DC Bar No. 247718)
Arthur T. K. Norris, (DC Bar No. 438907)
Robert A. Kearbey, (DC Bar No. 491700)
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
(202) 530-8100

*Counsel for Defendant and Third Party Plaintiff, Winmar, Inc.*