IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK,<br>    Plaintiff, | |
| v. | Civil Action No. 1:06-cv-01307-GK |
| WINMAR, INC.,<br>    Defendant and Third<br>    Party Plaintiff. | |
| WINMAR, INC.,<br>    Third Party Plaintiff<br>    and Counterclaim<br>    Defendant,<br>v. | Next Scheduled Court Deadline:<br><br>Pretrial Conference – Nov. 13, 2008 |
| AL JAZEERA INTERNATIONAL,<br>    Third Party Defendant<br>    and Counterclaim<br>    Plaintiff. | |

### AL JAZEERA INTERNATIONAL'S RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Order of this Court dated February 5, 2008, Third Party Defendant and Counterclaim Plaintiff Al Jazeera International ("Al Jazeera"), by and through counsel, hereby makes the following initial disclosures.

### I.     PRELIMINARY STATEMENT

This case is in the very early stages and facts and documents are still being collected and assessed. Al Jazeera expressly reserves the right to supplement or amend these initial disclosures as may become necessary or appropriate in the future. In making

these disclosures, Al Jazeera expressly reserves the right to object to the production of documents or testimony on the basis of privilege or as otherwise deemed appropriate.

## II.     DISCLOSURES

### A.     Rule 26(a)(1)(A)

*The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

The individuals listed below may have discoverable information that Al Jazeera may use to support its Counterclaims against Winmar, Inc. ("Winmar") or its defenses against Winmar's claims asserted in this matter, regarding the subject matters specified below. The employees of Al Jazeera International (USA), Inc. and Mark G. Anderson Consultants ("MGAC") listed below must be contacted through counsel for Al Jazeera at Dow, Lohnes PLLC, 1200 New Hampshire Ave., NW, Suite 800, Washington, DC 20036.

| Individual | Subject Matter |
| --- | --- |
| Mark G. Anderson, President, MGAC | Knowledge of the state of the work done by Winmar under the Contract between Al Jazeera and Winmar attached to the Third Party Complaint (the "Contract") in the December 2005/January 2006 timeframe |
| Kris Collins, Vice President, MGAC | Knowledge of the state of the work done by Winmar under the Contract in the December 2005/January 2006 timeframe and knowledge of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Bradlee A. Bolino, Division President John J. Kirlin, Inc. 515 Dover Street, Ste. 2700 Rockville, MD 20850 | Knowledge of the work done by John J. Kirlin, Inc. for Winmar under the Contract and knowledge of the Contract work remaining to be done by John J. Kirlin, Inc. following the termination for convenience of the Contract. |

| Individual | Subject Matter |
|---|---|
| Mike Murray<br>John J. Kirlin, Inc.<br>515 Dover Street, Ste. 2700<br>Rockville, MD 20850 | Knowledge of the work done by John J. Kirlin, Inc. for Winmar under the Contract and knowledge of the Contract work remaining to be done by John J. Kirlin, Inc. following the termination for convenience of the Contract. |
| Dennis C. Janson, Managing Partner<br>Janson Design Group<br>257 Park Avenue South, Ste. 303<br>New York, New York 10010 | Knowledge of the work done by Winmar under the Contract and knowledge of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Francisco Tsai, Partner<br>Janson Design Group<br>257 Park Avenue South, Ste. 303<br>New York, New York 10010 | Knowledge of the work done by Winmar under the Contract and knowledge of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Joseph Mantalbano<br>Janson Design Group<br>257 Park Avenue South, Ste. 303<br>New York, New York 10010 | Knowledge of the work done by Winmar under the Contract and knowledge of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Paul Keane, Vice President<br>Pel-Bern Electric, Inc.<br>640 Lofstrand Lane<br>Rockville, MD 20850 | Knowledge of the work done by Pel-Bern Electric, Inc. ("Pel-Bern") for Winmar under the Contract and knowledge of the Contract work remaining to be done by Pel-Bern following the termination for convenience of the Contract. |
| Wayne M. Butler, Vice President<br>Pel-Bern Electric, Inc.<br>640 Lofstrand Lane<br>Rockville, MD 20850 | Knowledge of the work done by Pel-Bern for Winmar under the Contract and knowledge of the Contract work remaining to be done by Pel-Bern following the termination for convenience of the Contract. |
| John Myrick<br>Pel-Bern Electric, Inc.<br>640 Lofstrand Lane<br>Rockville, MD 20850 | Knowledge of the work done by Pel-Bern for Winmar under the Contract and knowledge of the Contract work remaining to be done by Pel-Bern following the termination for convenience of the Contract. |
| Les Shook<br>Pel-Bern Electric, Inc.<br>640 Lofstrand Lane<br>Rockville, MD 20850 | Knowledge of the work done by Pel-Bern for Winmar under the Contract and knowledge of the Contract work remaining to be done by Pel-Bern following the termination for convenience of the Contract. |

| Individual | Subject Matter |
|---|---|
| Minh V. Han<br>AMA Consulting Engineers | Knowledge of the condition of the work done by Winmar on the mechanical and electrical systems as of the date of the termination for convenience of the Contract. |
| Gary Napier (formerly employed by Al Jazeera) | Knowledge of aspects of the work done by Winmar under the Contract and knowledge of aspects of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Clive Brady (formerly employed by Al Jazeera) | Knowledge of aspects of the work done by Winmar under the Contract and knowledge of aspects of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Steve Jedowski (formerly employed by Al Jazeera) | Knowledge of aspects of the work done by Winmar under the Contract and knowledge of aspects of the Contract work remaining to be done following the termination for convenience of the Contract. |
| William B. Stebbins, Vice President<br>Al Jazeera International (USA), Inc. | Knowledge of aspects of the work done by Winmar under the Contract and knowledge of aspects of the Contract work remaining to be done following the termination for convenience of the Contract. |
| Stephen W. Nease, Jr. (independent contractor formerly retained by Al Jazeera) | Knowledge of aspects of the work done by Winmar under the Contract. |

**B.    Rule 26(a)(1)(B)**

*A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

Al Jazeera may use documents from the following categories to support its Counterclaims against Winmar or its defenses against Winmar's claims asserted in this action. The vast majority of documents, electronically stored information and tangible things are located in the files at Al Jazeera International (USA), Inc.'s facility in

4

Washington, D.C. or in the files of MGAC. Third parties also will have documents in their respective files.

- Documents, tangible things and electronically stored information relating to the Contract;

- Documents, tangible things and electronically stored information relating to completion of the work for Al Jazeera that is the subject matter of the Contract following the termination for convenience of the Contract;

- Documents, tangible things and electronically stored information relating to the amounts Al Jazeera paid Winmar in connection with the Contract; and

- Documents, tangible things and electronically stored information relating to the amounts Al Jazeera paid Winmar in excess of the amounts to which Winmar was entitled to receive under the Contract.

C.  **Rule 26(a)(1)(C)**

*A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and*

Al Jazeera has not been unable to quantify the exact amount Winmar has been overpaid by Al Jazeera because Winmar has refused to provide Al Jazeera with documentation supporting the payments it received from Al Jazeera. In addition to said overpayment, Al Jazeera also is entitled to pre- and post-judgment interest on said overpayment.

D.  **Rule 26(a)(1)(D)**

*For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Al Jazeera does not have insurance or indemnification agreements that could satisfy any judgment entered in this action.

AL JAZEERA INTERNATIONAL

Dated: February 11, 2008

By:
   /s/ Leslie H. Wiesenfelder
Leslie H. Wiesenfelder
(D.C. Bar No. 173500)

DOW LOHNES PLLC
1200 New Hampshire Ave., N.W.
Suite 800
Washington, DC 20036
Tel.: (202) 776-2726
Fax: (202) 776-2222

Attorneys for Third-Party Defendant and Counterclaim Plaintiff Al Jazeera International