# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK,<br><br>        Plaintiff,<br><br>v.<br><br>WINMAR, INC. d/b/a<br>WINMAR CONSTRUCTION,<br><br>        Defendant.<br>_____<br><br>WINMAR, INC. d/b/a<br>WINMAR CONSTRUCTION,<br>1420 K Street, NW, Suite 250<br>Washington, DC 20005<br><br>        Third–Party Plaintiff,<br><br>v.<br><br>AL-JAZEERA INTERNATIONAL,<br>Serve: District of Columbia Division<br>        Of Consumer and Regulatory Affairs<br>        And<br>        Randall R. Smith, Esq.<br>        Dow Lohnes & Albertson, PLLC<br>        One Ravinia Drive, Suite 1600<br>        Atlanta, GA 30346<br><br>        Third-Party Defendant.<br>_____ | Case No.: 1:06CV01307 |

**DEFENDANT/THIRD-PARTY PLAINTIFF WINMAR, INC. D/B/A WINMAR CONSTRUCTION'S THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT AL-JAZEERA INTERNATIONAL**

Third-Party Plaintiff Winmar, Inc., d/b/a Winmar Construction ("Winmar") for its Third-Party Complaint against Third-Party Defendant Al-Jazeera International ("Al-Jazeera") alleges as follows:


EXHIBIT A

## PARTIES

1.  Third-Party Plaintiff Winmar is a corporation organized under the laws of the District of Columbia with its principal place of business at 1420 K Street, N.W., Washington, DC 20005. Third-Party Plaintiff Winmar is licensed to do business within the District of Columbia.

2.  On information and belief, Third-Party Defendant Al Jazeera International is a subsidiary of Aljazeera, an entity organized under the laws of the Government of the State of Qatar, with its principal place of business in Doha, Qatar. Al Jazeera International is not licensed to do business in the District of Columbia.

3.  Pursuant to Contract, attached as Exhibit 1 and described below, Al-Jazeera has authorized Randall R. Smith, Esq., of Dow, Lohnes & Albertson, PLLC, One Ravinia Drive, Suite 1600, Atlanta, Georgia 30346 to accept service of process on Al-Jazeera's behalf and has agreed that such service shall be deemed good and proper service and shall be binding on Al-Jazeera.

## JURISDICTION AND VENUE

4.  Winmar incorporates paragraphs 1-2 of this third-party complaint as though fully set forth herein.

5.  Plaintiff's action purports to arise under the laws of the United States including, without limitation, the federal regulations regarding wire transfers through Fedwire, 12 C.F.R. §§ 210.25-31.

6.  This Court has jurisdiction over plaintiff's action and this third-party complaint under 28 U.S.C. § 1331 because it arises under the laws of the United States. Additionally, this Court has jurisdiction over plaintiff's action and this third-party complaint under 28 U.S.C. § 1332 because it is between a citizen of the District of Columbia and a citizen of a foreign state and the

amount in controversy, exclusive of interest and costs, exceeds $75,000. Finally, this Court has jurisdiction over plaintiff's action and this third-party complaint under 28 U.S.C. § 1367(a) because all claims share a common nucleus of facts.

7. This Court has personal jurisdiction over third-party defendant Al-Jazeera because Al-Jazeera has entered into contracts in the District of Columbia, maintains an office in the District of Columbia, and the subject matter of third-party plaintiff's claims arose in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

8. Winmar incorporates paragraphs 1-7 of this third-party complaint as though fully set forth herein.

9. On November 23, 2005, Winmar entered into a modified AIA A-101 Standard Contract Between Owner and Contractor, together with a modified AIA A201 General Conditions, with Al Jazeera International for the build-out of office space at 1627 K Street NW, Washington, DC 2003 (the "Contract") attached as Exhibit 1.

10. An attachment to the Contract was the "Monthly Estimated Draw" which set forth the schedule of payments to be made by Al-Jazeera to Winmar.

11. Pursuant to the Contract, Al-Jazeera agreed to deposit each Monthly Estimated Draw with an escrow agent, where the funds would be held until the Architect approved the Certification for Payment. Upon presentation of the Certification, the escrow agent was to release the funds to Winmar.

12. Upon information and belief, Al-Jazeera was unable to find an escrow agent that would serve in the capacity designated under the Contract.

13. Al-Jazeera and Winmar agreed that Winmar would open a designated account at

Citibank Federal Savings Bank ("Citibank") in Washington, DC where Al-Jazeera would wire payment.

14. Winmar commenced work under the Contract and proceeded in accordance with its obligations under the Contract.

15. Al-Jazeera's first payment under the Contract in the amount of $645,161 was wired into Winmar's account at Citibank pursuant to Section 5.1.2.1 of the Contract.

16. On or about December 12, 2005, Al-Jazeera wired $474,677 to Winmar as a progress payment pursuant to the Contract.

17. Al-Jazeera terminated the Contract for convenience pursuant to Section 14.4 of the General Conditions on January 11, 2006.

18. At the time of termination, Winmar was fulfilling its obligations under the Contract, and was owed for work completed under the Contract an amount in excess of $474,677.

19. Pursuant to the terms of the Contract, Winmar was entitled to receive payment for the Work executed, and costs incurred by reason of such termination, along with reasonable overhead and profit on the Work not executed.

20. Winmar credited the alleged erroneous $464,677 wire transfer made on January 30, 2006 to the amounts undisputedly due and owing by Al-Jazeera on the Contract.

21. Al-Jazeera made a claim with the Architect on the Project following the wire transfer alleging that the wire transfer was made in error and requesting the Architect find that those monies should be returned.

22. Winmar returned $119,380 of the funds at issue to Al Jazeera.

23. There remain amounts due and owing by Al-Jazeera to Winmar in excess of $75,000, which Al-Jazeera has failed to pay pursuant to the terms of the Contract.

24.     Al-Jazeera is in material breach of the Contract with Winmar.

## COUNT I
## THIRD PARTY CLAIMS

25.     Winmar incorporates paragraphs 1 through 24 of this third-party complaint as though fully set forth herein.

26.     Winmar was owed amounts in excess of $474,677 from Al-Jazeera at the time it received the alleged errant wire transfer from QNB on January 30, 2006.

27.     Winmar returned to Al-Jazeera $119,380 on March 9, 2006, following a claim made to the Architect disputing the amounts owed.

28.     Al-Jazeera accepted $119,380 from Winmar on March 9, 2006, and then accepted $474,677 from Qatar National Bank on March 20, 2006.

29.     Third-party defendant Al-Jazeera is liable to defendant and third-party plaintiff Winmar for all or part of the plaintiff's claim against the defendant and third-party plaintiff Winmar on all of the following grounds:

   a. Al-Jazeera knowingly accepted duplicate recovery of monies from Winmar and QNB.

   b. Al-Jazeera has been unjustly enriched by this duplicate recovery.

   c. At the time the alleged errant wire transfer was made, Al-Jazeera owed amounts in excess of $474,677 to Winmar, and Winmar credited that amount to the debt owed, making Al-Jazeera's duplicate recovery the full amount of the wire transfer at issue.

   d. Al-Jazeera has retained funds that it is not entitled to, and therefore, principles of equity and good conscience require that Al-Jazeera return funds to Qatar National Bank.

30.     Because of the above, Third-Party Defendant Al-Jazeera is liable to Winmar for any recovery from Winmar by Qatar National Bank in this action.

31.     To the extent plaintiffs' claims in this action have legal merit, third-party defendant Al-Jazeera has caused or contributed to the damages and other harms alleged to have been

suffered by plaintiffs.

32. To the extent Winmar is held liable to the plaintiff, Al-Jazeera is liable to defendant/third-party plaintiff Winmar for contribution and indemnity.

## COUNT II
## BREACH OF CONTRACT

33. Winmar incorporates paragraphs 1 through 32 of this third-party complaint as though fully set forth herein.

34. Winmar fulfilled its obligations under the Contract.

35. Pursuant to the terms of the Contract, Al-Jazeera was required to make monthly payments to Winmar.

36. Al-Jazeera failed to make monthly payments to Winmar, and upon termination of the Contract by Al-Jazeera for convenience, Al-Jazeera failed to pay amounts due to Winmar pursuant to Section 14.4.3 of the General Conditions of the Contract.

37. Al-Jazeera has breached the Contract by failing to pay all amounts due and owing to Winmar under the Contract.

38. By reason of Al-Jazeera's breach, Winmar has been damaged in an amount in excess of $75,000, to be proven at trial.

## COUNT III
## UNJUST ENRICHMENT

39. Winmar incorporates paragraphs 1 through 38 of this third-party complaint as though fully set forth herein.

40. Al-Jazeera received the benefit of Winmar crediting its account with the alleged errant wire transfer of $474,677.

41. Winmar returned $119,380 of the funds transferred on January 30, 2006 to Al-

Jazeera in the form of a check hand delivered to counsel for Al-Jazeera on March 9, 2006.

42. After Al-Jazeera received the benefit of having the transferred funds credited toward the amounts it owed under the Contract, and after receiving return of $119,380 from Winmar, Al-Jazeera then demanded return of $474,677 from Qatar National Bank.

43. Al-Jazeera, according to Qatar National Bank's pleading, received $474,677 from Qatar National Bank on March 20, 2006.

44. Al-Jazeera sought double recovery from Winmar and Qatar National Bank, and left Qatar National Bank to seek refund from Winmar, knowing that Winmar had a lawful right to keep the monies it had received.

45. Al Jazeera has been unjustly enriched by receiving both the benefit of the funds under its contract with Winmar and the recovery of the funds from Qatar National Bank and has in fact received a double reimbursement of part of the funds. As a result, Al-Jazeera now owes at least $474,677 to Winmar, plus interest.

## COUNT IV
## MONEY HAD AND RECEIVED/MONEY RECEIVED BY MISTAKE

46. Winmar incorporates paragraphs 1 through 45 of this third-party complaint as though fully set forth herein.

47. Al-Jazeera has benefited from the duplicate receipt of monies and has retained those monies for its own use.

48. Because Winmar credited $474,677 to Al-Jazeera and Qatar National Bank returned $474,677 to Al-Jazeera, Al-Jazeera has no right to retain duplicate recovery and principles of equity and good conscience require that Al-Jazeera return those funds to Winmar.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Plaintiff Winmar, Inc. prays that upon final judgment, it has

judgment against Al-Jazeera International in an amount in excess of $474,677, plus reasonable attorney's fees, costs, expenses, pre- and post-judgment interest, and any other and further relief, both at law and in equity, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Third-Party Plaintiff Winmar, Inc. hereby demands a trial by jury on all issues.

Dated: October 2, 2006

Respectfully submitted,

LEE & McSHANE, P.C.

By:      /s/ Robert A. Kearbey
James F. Lee, Jr., (DC Bar No. 247718)
Arthur T. K. Norris, (DC Bar No. 438907)
Robert A. Kearbey, (DC Bar No. 491700)
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
(202) 530-8100

*Counsel for Defendant and Third Party Plaintiff, Winmar, Inc.*

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

WINMAR, INC. d/b/a
WINMAR CONSTRUCTION

Third-Party Pliantiff,

**SUMMONS IN A CIVIL CASE**

V.

AL-JAZEERA INTERNATIONAL

Third-Party Defendant.

CASE NUMBER:

TO: (Name and address of Defendant)

AL-JAZEERA INTERNATIONAL
1627 K Street, NW, Washington, DC
and
Randall R. Smith, Esq., Dow, Lohnes & Albertson, PLLC
One Ravinia Drive, Suite 1600, Atlanta, Georgia 30346

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James F. Lee, Jr.
Lee & McShane, PC
1211 Connecticut Ave NW, Suite 425
Washington, DC  20036

an answer to the complaint which is served on you with this summons, within ____20 Days____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                 DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

    G  Served personally upon the defendant.  Place where served: _____

    G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

        Name of person with whom the summons and complaint were left: _____

    G  Returned unexecuted: _____

    G  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                      Date                      *Signature of Server*

                                                _____
                                                *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.