Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QATAR NATIONAL BANK                       :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :     Civil Action No.: 1:06CV-01307-GK
                                          :
WINMAR, INC. d/b/a                        :
WINMAR CONSTRUCTION                       :
                                          :
          Defendant and Third Party :
          Plaintiff                       :
_____ :
                                          :
WINMAR, INC.,                             :
          Third Party Plaintiff           :
          and Counterclaim                :
          Defendant,                      :
                                          :
     v.                                   :
                                          :
AL JAZEERA INTERNATIONAL,                 :
          Third Party Defendant           :
          and Counterclaim                :
          Plaintiff                       :


**DEFENDANT/THIRD PARTY PLAINTIFF, WINMAR, INC.'S RESPONSES TO
PLAINTIFF, QATAR NATIONAL BANK'S FIRST SET OF REQUESTS FOR
ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendant/Third

Party Plaintiff, Winmar, Inc. ("Winmar") responds as follows to Plaintiff, Qatar National Bank's

("QNB") First Set of Requests for Admissions, Interrogatories and Requests for Production of

Documents as follows:

## RESPONSES TO REQUESTS FOR ADMISSIONS

1.      Admit that the document attached as Exhibit A hereto is a true and correct copy of a letter that you received on about February 24, 2006.

**RESPONSE**:  Admitted that the document attached as Exhibit A to QNB's Requests for Admissions appears to be a true and correct copy of a letter addressed to Dennis Janson, Managing Partner of Janson Design Group, written and signed by counsel for Al Jazeera International, Leslie H. Wiesenfelder and carbon copied to Edwin Villegas of Winmar and James F. Lee, Jr, counsel for Winmar.  The letter is dated February 24, 2006 and was received by Winmar via email on or around that date.

2.      Admit that the document attached hereto as Exhibit B is a true and correct copy of a letter your counsel, James Lee, sent to Leslie Wiesenfelder on or about March 9, 2006.

**RESPONSE:** Admitted.

3.      Admit that the document attached is hereto as Exhibit C is a true and correct copy of a letter your counsel, James Lee, sent to Dennis Janson on or about March 28, 2006.

**RESPONSE:** Admitted.

4.      Admit that, on or about January 31, 2006, a wire transfer of $474,677.00 was credited to a bank account of Winmar's at Citibank Federal Savings Bank.

**RESPONSE:**  Admitted.

5.      Admit that Winmar was unaware that any wire transfer of $474,677.00 had been credited to a bank account of Winmar on or about January 31, 2006 until Winmar received Leslie Wiesenfelder's February 24, 2006 letter to Dennis Janson (the document attached as Exhibit A hereto).

**RESPONSE:**  Admitted that Mr. Wiesenfelder's letter was the first notice that Winmar received

from AJI or its representatives regarding the specific transfer of $474,677.00 that is at issue in

the above captioned matter.  Winmar had become aware, through Citibank, in the days preceding

Mr. Wiesenfelder's letter, that QNB was seeking reimbursement from Winmar for the payment

of $474,677.00, made on or around January 31, 2006.  At that time, Winmar attempted to

confirm the information provided to them by Citibank and the initial source of the payment.  It

was during this period that Winmar received Mr. Wiesenfelder's letter.

6.    Admit that the following statements by James Lee in the letter attached hereto as

Exhibit B are true and correct:

> I am writing in response to your letter of February 24 to Mr. Janson.  My clients were
> unaware until your letter was received that any wire had been accomplished on January
> 31st.  However, the amount received by my client's bank was $474,677.

**RESPONSE:**  Admitted subject to the explanation included in the Response to Request for

Admission no. 5 above.

7.    Admit that the following statements by James Lee in the letter attached hereto as

Exhibit C are true and correct:

> Mr. Wiesenfelder's February 24, 2006 letter was the first notice Winmar received that
> AJI had wired money into Winmar's account.  Prior to February 24, 2006, Winmar
> received no request from AJI to return the wired funds.  We have verified that a total of
> $474,677 was wired into Winmar's account on January 31, 2006…

**RESPONSE:**  The first sentence is admitted subject to the explanation included in the Response

to Request for Admission no. 5 above.  The remainder is admitted.

### ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

(a)    The information contained in these Answers or Responsesis being provided in accordance

with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure

of all facts that may be relevant or may lead to discovery of relevant information. Accordingly, the party answering these interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

(b)    The information supplied in these answers or responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

(c)    The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers, and thus, does not necessarily purport to be the precise language of the executing party.

(d)    Winmar reserves the right to supplement the Answers to these Interrogatories and Requests for Production of Documents as further information becomes available and discovery progresses in this matter.

## GENERAL OBJECTION

The following general objection is applicable to and is hereby incorporated into each and every answer and response herein: Winmar objects to these Interrogatories and Requests for Production of Documents to the extent that they call for the identification or disclosure of any documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

## ANSWERS

1.    Identify each and every payment or other transfer of money by wire transfer or any other means that Winmar has received from either Al Jazeera or QNB.

**ANSWER:**  Winmar received three payments from Third Party Defendant/Counterclaim Plaintiff Al Jazeera International.  Winmar received the first on or around November 23, 2005 in the amount of 645,161.00, the second on or around December 12, 2005 in the amount of 474,677.00 and the third on or around January 31, 2006 in the amount of 474,677.00.

      2.     If you denied or otherwise did not admit in full any of the above Requests for Admissions numbered 1 through 5, identify, for each and every payment or other transfer of money by wire transfer or any other means that Winmar has received from either Al Jazeera or QNB, the following information:

      a.     The amount of the payment or other transfer;

      b.     The form of the payment;

      c.     The payor(s), transferor(s), payee(s), and transferee(s);

      d.     All banks through which the payment passed;

      e.     The time and date of the payment, transfer, and receipt;

      f.     Each and every transfer of, or credit or debit, or other action affecting the disposition of the paid or transferred funds for 210 days after the funds were received by Winmar, by any of Winmar's bank accounts, or by any bank on its behalf;

      g.     The time and date that Winmar first became aware that it had received the payment or transfer, and the manner, form, and source of that notice.

**ANSWER:**  Winmar has not denied receipt of any payment from Al Jazeera or QNB.  While unable to recall the exact date of the notice received from Citibank regarding the alleged duplicate payment, in the days preceding Mr. Wiesenfelder's February 24, 2006 letter, Winmar

was made aware by Citibank of QNB's apparent request to return the funds deposited on or around January 31, 2006.

       3.       If you denied or otherwise failed to admit any of the above Requests for Admissions numbered 6 or 7, identify:

       a.       The portion(s) of the statements quoted therein that is false or incorrect;

       b.       What facts on which Winmar bases its belief that the quoted in Requests for Admissions number 6 and 7 were false or incorrect, and the form and source of that notice.

**ANSWER:**  In Response to Request for Admission no. 6, Winmar was unable to admit, without qualification, that they were unaware that they received "any" transfer of money into their account during the relevant time period.  The payment referred to in the statement excerpted from counsel's March 9, 2006 letter pertained specifically to any payment received from Al Jazeera and the timing of when Winmar became aware of the alleged duplicate payment of $474,677.00.

## RESPONSES

1.      All Documents comprising, describing, referring to, or concerning any written, electronic, or oral communications between Winmar and either QNB, AI Jazeera, or any banking or other financial entity concerning in any way the January 31, 2006 wire transfer of $474,677.00 that is the subject of QNB's Complaint.

**RESPONSE:**  Subject to the General Objection, Winmar will produce all responsive documents in their possession, custody or control at a mutually convenient time and place as agreed to by counsel.

2.    All Documents comprising, describing, referring to, or concerning any written, electronic, or oral communications between any officers, directors, employees, or contractors of Winmar, or any other persons included within the Definition of "Winmar" set forth above, concerning in any way the January 31, 2006 wire transfer of $474,677.00 that is the subject of QNB's Complaint.

**RESPONSE:**  Subject to the General Objection, Winmar will produce all responsive documents in their possession, custody or control at a mutually convenient time and place as agreed to by counsel.

3.    All Documents comprising, describing, referring to, or concerning the receipt by Wmmar or any banking or financial institution at which Wmmar has an account of the January 31, 2006 wire transfer of $474,677.00 that is the subject of QNB's Complaint. This includes, but is not limited to, the records of any banking or financial institution showing the receipt of those funds.

**RESPONSE:**  Subject to the General Objection, Winmar will produce all responsive documents in their possession, custody or control at a mutually convenient time and place as agreed to by counsel.

4.    All Documents comprising, describing, referring to, or concerning any and all transfers or any other actions affecting the disposition of any funds that comprise any portion of the January 31, 2006 wire transfer of $474,677.00 that is the subject of QNB's Complaint, occurring during the period from January 31, 2006 until August 31, 2006. This includes, but is not limited to, the records of any banking or financial institution showing any transfer or other disposition of those funds, including, but not limited to, any transfers from, to, or between, any accounts, entities, or persons. This also includes, but is not limited to, any Documents showing, in anyway, how Wmmar allocated, or credited those funds as part of its accounting or bookkeeping procedures.

5.      All Documents relied on, referred to, or identified in your responses to any of the Interrogatories and Requests for Admissions above.

**RESPONSE:** Subject to the General Objection, Winmar will produce all responsive documents in their possession, custody or control at a mutually convenient time and place as agreed to by counsel.

6.      All Documents referring to, related to, or regarding any of your responses to any of the Interrogatories and Requests for Admissions above.

**RESPONSE:** Subject to the General Objection, Winmar will produce all responsive documents in their possession, custody or control at a mutually convenient time and place as agreed to by counsel.

## **VERIFICATION**

I, Edwin Villegas, President of Winmar, Inc., am hereby authorized by the company to execute these interrogatories under oath.  The information set forth in these answers was collected by others, and such information is not necessarily within my personal knowledge.  On behalf of the company, however, I solemnly affirm under the penalties of perjury that the foregoing answers to interrogatories are true to the best of my knowledge, information and belief.

_____

Winmar, Inc.,
By: Edwin Villegas, President

Respectfully submitted,

LEE & McSHANE, P.C.

By: _____

James F. Lee, Jr., (DC Bar No. 247718)
Arthur T. K. Norris, (DC Bar No. 438907)
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C.  20036
(202) 530-8100

*Counsel for Defendant and Third-Party*
*Plaintiff, Winmar, Inc. d/b/a Winmar*
*Construction*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via facsimile and first class mail, postage prepaid, on this 9th day of April, 2008 to:

| | |
|---|---|
| Alan T. Dickey, Esq.<br>Patton Boggs, LLP<br>2550 M Street, N.W.<br>Washington, DC  20037<br>*Counsel for Plaintiff Qatar National Bank* | Leslie Hugh Wiesenfelder<br>DOW LOHNES PLLC<br>1200 New Hampshire Avenue, NW,Suite 800<br>Washington, DC 20036<br>*Counsel for Al-Jazeera International* |

_____
James F. Lee, Jr., Esquire