IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QATAR NATIONAL BANK** | : |
|       **Plaintiff** | : |
| | : |
| v. | :   1-06CV01307 |
| | : |
| **WINMAR, INC.d/b/a** | : |
| **WINMAR CONSTRUCTION** | : |
| | : |
|       **Defendant** | : |

### WINMAR, INC.'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Defendant/Third Party Plaintiff/Counterclaim Defendant, Winmar, Inc. ("Winmar"), by and through counsel, respectfully submits its Statement of Material Facts as to Which There is no Genuine Dispute in support of its Response in Opposition to Qatar National Bank's Motion for Summary Judgment and states as follows:

1. Winmar and Al Jazeera International ("AJI") entered into a contract on or around November 23, 2005, under which Winmar was to provide certain construction services in conjunction with the project for build-out of office space at 1627 K Street, NW, Washington, DC (the "Project"). Winmar Third Party Complaint, ¶ 9, attached hereto as Exhibit 1.

2. Pursuant to the terms of Winmar and AJI's contract, each agreed to a monthly draw schedule, entitled "Monthly Estimated Draw", which set forth the schedule of payments under the contract. *Id.* ¶ 11.

3. AJI agreed to disburse each such "draw" through an escrow agent until such time as the Architect for the Project approved the applicable certificate for payment. Upon presentation of the executed certification, the escrow agent was to release the funds to Winmar. *Id.* ¶ 11.

4.  AJI was unable to find a suitable escrow agent for their purposes, Winmar and AJI agreed that Winmar would establish a deposit account with Citibank Federal Savings Bank ("Citibank") in Washington, DC where AJI would have the payment wired (the "project account"). *Id.* ¶ 12–13.

5.  Winmar commenced work in accordance with the contract and AJI made an initial payment of $645,161. *Id.* ¶ 14–15.

6.  On or around December 12, 2005, AJI made a second payment, via the approved deposit method, in the amount of $474,677. *Id.* ¶ 16.

7.  As of December 7, 2005, Winmar had submitted three further payment applications, specifically Application and Certification for Payment numbers 2b, 3, and 1, in the amounts of $115,872, 755,913, and 471,678 respectively, the latter being for change orders for the project. *See attachment to Exhibit 2 to QNB Motion for Summary Judgment Statement of Material Facts.*

8.  These payment applications were in addition to the initial deposit amount of $645,161 and payment application no. 2 in the amount of $474,677. *Id.*

9.  As of December 8, 2005, Winmar believed that they had completed enough work on the project to warrant payment from AJI in the total amount of $2,463,301. *See* Winmar Affidavit, attached hereto as Exhibit 2.

10. The Architect certified all such payments in accordance with the project Contract Documents. *Id.*

11. On December 22, 2005, Winmar Vice-President, Christopher Condon wrote a letter to AJI stating that Winmar was still owed $1,363,463. Mr. Condon's letter also stated that if that amount was not paid in a timely manner, then Winmar would take the necessary action under the

contract to either suspend or terminate the Work. *See attachment to Exhibit 2 to QNB Motion for Summary Judgment Statement of Material Facts.*

12. On January 4, 2006, Winmar suspended their performance of the Work for AJI's failure to make payments in accordance with the contract.

13. On January 5 and 6, AJI then provided their first notice to Winmar that they believed the previously certified payments totaling $1,363,463 were in error. *See WIN 012–014*, as attached to Exhibit 2 to QNB Motion for Summary Judgment Statement of Material Facts.

14. On or around January 11, 2006, AJI terminated their contract with Winmar for convenience. *See WIN 015*, as attached to Exhibit 2 to QNB Motion for Summary Judgment Statement of Material Facts.

15. In their attempt to collect a portion of the monies that they believed they were owed by AJI, Winmar then submitted two further revised applications for payment, in the amounts of $653,449 and $355,297 on January 18 and 23 respectively. *See* Exhibit 2, as attached hereto.

16. The Architect failed to certify the former, indicating the incorrect requisition amount in their apparent rejection thereof, and stated that AJI would not make any further payment until Winmar provided documentation to substantiate such claimed amounts. *See WIN 020*, as attached to Exhibit 2 to QNB Motion for Summary Judgment Statement of Material Facts

17. On January 31, 2006, as a result of QNB's alleged error, $474,677 was credited to Winmar's Citibank account for amounts undisputedly due and owing from AJI on the contract. Exhibit 1, ¶ 20, as attached hereto.

18. Sometime thereafter, Winmar received verbal communication from an individual claiming to represent Citibank who informed them that the $474,677 payment was made in error. *See Winmar/QNB Stipulation*, Exhibit 3 as attached to QNB Motion for Summary Judgment

Statement of Material Facts. 19. Winmar did not receive any written confirmation from either QNB or AJI until Mr. Wiesenfelder's February 24, 2006 letter. Exhibit 1, ¶20, as attached hereto.

20. Winmar, believing that they were due at least $355,297, in good faith reimbursed AJI in the amount of $119,380 from the $474,677. *Id.* ¶ 22; *see also* Exhibit C to QNB's Interrogatories to Winmar, attached hereto as Exhibit 3

21. To the best of Winmar's knowledge, AJI has retained the $119,380 amount since and has both failed to pay it to Winmar for work done and failed to reimburse QNB in that amount. *See* Exhibit 2, as attached hereto.

22. As of March 20, 2008, Winmar calculated that AJI still owes at least $643,646 comprising all contract amounts, plus termination costs and interest for work on the project. *See Winmar Answers to AJI Interrogatories*, attached hereto as Exhibit 4. AJI disputes that they owe Winmar this amount and further claim that Winmar has been overpaid. *See AJI Answers to Winmar Interrogatories*, attached hereto as Exhibit 5.

Respectfully Submitted,

LEE & McSHANE, P.C.

By: _____\s_____
James F. Lee, Jr., Esq. (DC Bar # 247718)
Trevor M. Ashbarry, Esq. (DC Bar # 980359)
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
(202) 530-8100

*Counsel for Defendant, Winmar, Inc.*