# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

QATAR NATIONAL BANK : :
     **Plaintiff** :
       :
     **v.** :   **1-06CV01307**
       :
**WINMAR, INC.d/b/a** :
**WINMAR CONSTRUCTION** :
       :
     **Defendant** :

## AFFIDAVIT OF CHRISTOPHER T. CONDON

1.     My name is Christopher T. Condon.  I am over the age of eighteen and am competent to testify about the matters set forth herein.

2.     I am the vice-president of Winmar, Inc. ("Winmar"), Defendant/Third Party Plaintiff/Counterclaim Defendant in the above-captioned case.  I submit this affidavit in support of Winmar's Opposition to Qatar National Bank's Motion for Summary Judgment in the above captioned matter.  I believe that the statements contained in this affidavit are true and correct to the best of my knowledge.

3.     As of the date that Winmar suspended performance under its contract with Al Jazeera International ("AJI"), January 4, 2006, Winmar had outstanding applications for payment, as certified by the Architect for the project for build out of office space at 1627 K Street, NW, Washington, DC (the "project"), totaling $1,343,463.   In total, Winmar believed, and the Architect certified, that Winmar had completed enough work on the project to warrant total payment in the amount of $2,463,301.

4.     On or around January 11, 2006, AJI terminated Winmar for convenience.  Thereafter, on or around January 18, 2006, Winmar submitted a revised application for payment in the amount

of $653,449.   The Architect for the project failed to certify this application. however, the document indicating failure to certify did not contain the correct application amount.

5.    On January 23, 2006, Winmar submitted another revised application for payment in the amount of $355,297.

6.    Upon receipt of the $474,677 wire transfer from QNB at issue in this matter, Winmar applied the $355,297 corresponding to their most recent application for payment and refunded the remaining $119,380.   Winmar has not received a refund of the $119,380 from AJI in payment for work on the project, nor does Winmar understand according to knowledge and belief that AJI reimbursed QNB in that amount.

7.    As part of this litigation, Winmar believes that, as of March 20, 2008, that AJI owes at least $643,646 comprising all contract amounts, plus termination costs and interest for work completed on the project.   A true and accurate copy of Winmar's Answers to AJI's Interrogatories has been attached as an Exhibit to its Response in Opposition to QNB's Motion for Summary Judgment.

I SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE, THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE AND CORRECT.

     Signed this ____ day of July, 2008.

                              _____

                              Christopher F. Condon
                              Vice-President, Winmar, Inc.