**EXHIBIT 4**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QATAR NATIONAL BANK | : |
|     Plaintiff, | : |
| v. | :    Civil Action No.: 1:06CV-01307-GK |
| WINMAR, INC. d/b/a WINMAR CONSTRUCTION | : |
|     Defendant and Third Party Plaintiff | : |
| WINMAR, INC., | : |
|     Third Party Plaintiff and Counterclaim Defendant, | : |
| v. | : |
| AL JAZEERA INTERNATIONAL, | : |
|     Third Party Defendant and Counterclaim Plaintiff | : |

## WINMAR, INC.'S ANSWERS TO AL JAZEERA'S FIRST SET OF INTERROGATORIES

    COMES NOW Defendant, Third Party Plaintiff and Counterclaim Defendant Winmar, Inc. ("Winmar"), by counsel, and for its answers to Third Party Defendant and Counterclaim Plaintiff Al Jazeera International's ("AJI") First Set of Interrogatories states as follows:

    (a)    The information contained in these Answers is being provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of all facts that may be relevant or may lead to discovery of relevant information. Accordingly, the party answering these interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for

objection.

(b)  The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

(c)  The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers, and thus, does not necessarily purport to be the precise language of the executing party.

(d)  Winmar reserves the right to supplement the Answers to these Interrogatories as further information becomes available and discovery progresses in this matter.

## **GENERAL OBJECTION**

The following general objection is applicable to and is hereby incorporated into each and every answer herein: Winmar objects to these Interrogatories to the extent that they call for the identification or disclosure of any documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Specify the total amount of money you claim is owed to you by Al Jazeera.

**ANSWER:**  In answer to this Interrogatory, Winmar incorporates the spreadsheet attached hereto which details all amounts due and owing to Winmar. Winmar further incorporates all the project documents, including but not limited to the parties' contract, and any and all documents therein referred to as the contract documents.

**INTERROGATORY NO. 2:**  Separately quantify in detail and with particularity each and every item, element or category making up the total amount stated in your response to the

preceding interrogatory.

**ANSWER:** In answer to this Interrogatory, Winmar incorporates the spreadsheet attached hereto which details all amounts due and owing to Winmar. Winmar further incorporates all the project documents, including but not limited to the parties' contract, and any and all documents therein referred to as the contract documents.

**INTERROGATORY NO. 3:** Specify the amount of money you claim you are entitled to "for Work executed" within the meaning of Section 14.4.3 of the General Conditions.

**ANSWER:** In answer to this Interrogatory, Winmar incorporates the spreadsheet attached hereto which details all amounts due and owing to Winmar. Winmar further incorporates all the project documents, including but not limited to the parties' contract, and any and all documents therein referred to as the contract documents.

**INTERROGATORY NO. 4:** Specify the amount of money you claim you are entitled to "for costs incurred by reason of such termination" within the meaning of Section 14.4.3 of the General Conditions.

**ANSWER:** In answer to this Interrogatory, Winmar incorporates the spreadsheet attached hereto which details all amounts due and owing to Winmar. Winmar further incorporates all the project documents, including but not limited to the parties' contract, and any and all documents therein referred to as the contract documents.

**INTERROGATORY NO. 5:** Specify the amount of money you claim you are entitled to as "reasonable overhead" on the Work not executed within the meaning of Section 14.4.3 of the General Conditions.

**ANSWER:** For the Base Contract, Winmar and AJI agreed on calculating overhead and profit as 12% of the total due for Work. This same percentage is applied to all change orders.

Additionally, Winmar incorporates the spreadsheet attached hereto which details all amounts due and owing to Winmar. Winmar further incorporates all the project documents, including but not limited to the parties' contract, any and all documents therein referred to as the contract documents.

**INTERROGATORY NO. 6:** Specify the amount of money you claim you are entitled to as "profit on the Work not executed" within the meaning of Section 14.4.3 of the General Conditions.

**ANSWER:** See the answer to Interrogatory no. 5 above.

**INTERROGATORY NO. 7:** State and describe in detail and with particularity each and every fact, action, transaction, or occurrence upon which you intend to rely in support of all or any part of the allegations in ¶ 23 of the Third Party Complaint.

**ANSWER:** Winmar states that material facts with respect to the allegations in ¶ 23 of the Third Party Complaint are contained in the Third Party Complaint. Winmar also states that they were in the process of performing their agreed to services pursuant to the parties' contract. In the midst of doing so, AJI terminated Winmar from the project, for convenience. At the time of termination, Winmar had completed no less than 53% of the project thus entitling them to payments in accordance with the same. Furthermore, in a meeting with the contractor, owner, owner's representative and the project consultants, the owner and its consultant agreed that Winmar had completed no less than 53% of the work to be performed on the project. Winmar seeks payment in full for all services rendered prior to termination in addition to all amounts due pursuant to the terms of the parties' contract. In answer to this Interrogatory, Winmar incorporates the spreadsheet attached hereto which details all amounts due and owing to Winmar. Winmar further incorporates all the project documents, including but not limited to the

parties' contract, and any and all documents therein referred to as the contract documents.

Respectfully submitted,

LEE & McSHANE, P.C.

By: _____
James F. Lee, Jr., (DC Bar No. 247718)
Arthur T. K. Norris, (DC Bar No. 438907)
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036

*Counsel for Defendant and Third-Party
Plaintiff, Winmar, Inc. d/b/a Winmar
Construction*

## VERIFICATION

I, Edwin Villegas, President of Winmar, Inc., am hereby authorized by the company to execute these interrogatories under oath. The information set forth in these answers was collected by others, and such information is not necessarily within my personal knowledge. On behalf of the company, however, I solemnly affirm under the penalties of perjury that the foregoing answers to interrogatories are true to the best of my knowledge, information and belief.

_____
Winmar, Inc.,
By: Edwin Villegas, President

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via facsimile and first class mail, postage prepaid, on this 20th day of March, 2008 to:

| | |
|---|---|
| Ronald S. Liebman, Esq.<br>Alan T. Dickey, Esq.<br>Patton Boggs, LLP<br>2550 M Street, N.W.<br>Washington, DC 20037<br>*Counsel for Plaintiff Qatar National Bank* | Leslie Hugh Wiesenfelder<br>DOW LOHNES PLLC<br>1200 New Hampshire Avenue, NW, Suite 800<br>Washington, DC 20036<br>*Counsel for Al-Jazeera International* |

_____
James F. Lee, Jr., Esquire

| | Description of work | Contract Items | AJI-WINMAR Contract Amount | WM Earned to Termination | WM %Complete | AMOUNT PAID FROM AL-JAZEERA TO WINMAR |
|---|---|---|---|---|---|---|
| | Base Bid | | | | | |
| 1 | General Conditions | Base Bid | $ 81,800 | $ 62,986 | 77% | Payment #1 11/23/05: |
| 2 | Demolition/Sitework | Base Bid | $ 9,500 | $ 9,500 | 100% | $645,161 |
| 3 | Concrete | Base Bid | $ 12,655 | $ - | 0% | Payment #2 12/12/05: |
| 4 | Rough & Finish Carpentry | Base Bid | $ 36,525 | $ 17,897 | 49% | $474,677 |
| 5 | Doors, Frames & Misc | Base Bid | $ 115,623 | $ - | 0% | Payment #3 1/30/05: |
| 6 | Drywall Partitions & Framing | Base Bid | $ 156,215 | $ 117,161 | 75% | $474,677 |
| 7 | Carpet | Base Bid | $ 43,915 | $ - | 0% | Winmar return payment 3/9/06: ($119,380) |
| 8 | Painting | Base Bid | $ 10,115 | $ - | 0% | |
| 9 | Equipment | by owner/LL | $ - | $ - | 0% | |
| 10 | Third Party Inspections | Base Bid | $ 6,800 | $ - | 0% | |
| 11 | Fire Protection | Base Bid | $ 53,515 | $ 21,406 | 40% | |
| 12 | HVAC & Plumbing | Base Bid | $ 708,257 | $ 389,541 | 55% | |
| 13 | Electrical & F/A | Base Bid | $ 865,955 | $ 329,063 | 38% | |
| 14 | GC OH & Fee | Base Bid | $ 250,740 | $ 132,892 | 53% | |
| | Change Orders | | | | | |
| 1 | Trane Multiskak chiller | Change Order | $ 157,000 | $ 125,600 | 80% | |
| 2 | Premium time | Change Order | $ 365,135 | $ 248,292 | 68% | |
| 3 | Revised Buckhoist | Change Order | $ 48,415 | $ 37,280 | 75% | |
| 3 | WM O/H Fee | Change Order | $ - | $ - | 100% | |
| 4 | UPS Changed spec | Change Order | $ 48,355 | $ 18,375 | 38% | |
| 4 | WM O/H Fee | Change Order | $ 7,130 | $ 7,130 | 100% | |
| 5 | Generator | Change Order | $ 86,525 | $ 32,880 | 38% | |
| 5 | WM O/H Fee | Change Order | $ 6,922 | $ 6,922 | 100% | |
| 6A | Steel Dunnage | Change Order | $ 141,215 | $ 77,668 | 55% | |
| 6A | WM O/H Fee | Change Order | $ 11,300 | $ 11,300 | 100% | |
| 6B | Fuel Tank | Change Order | $ 81,625 | $ 44,894 | 55% | |
| 6B | WM O/H Fee | Change Order | $ 6,530 | $ 6,530 | 100% | |
| 6C | Revised MEP plans #1 | Change Order | $ 34,615 | $ 19,038 | 55% | |
| 6C | WM O/H Fee | Change Order | $ 2,770 | $ 2,770 | 100% | |
| 7 | Sprinklers | Change Order | $ 31,040 | $ - | 0% | |
| 7 | WM O/H Fee | Change Order | $ 2,483 | $ 2,483 | 100% | |
| 8 | Glass | Change Order | $ 18,951 | $ - | 0% | |
| 8 | WM O/H Fee | Change Order | $ 1,516 | $ 1,516 | 100% | |
| 10 | Electrical | Change Order | $ 279,850 | $ 106,343 | 38% | |
| 10 | WM O/H Fee for C/O #10 | Change Order | $ 22,388 | $ 22,388 | 100% | |
| | Termination | | | | | |
| | GC OH & Fee per Contract 14.4.3 | | $ 24,500 | $ 24,500 | 100% | |
| | Suspension Fees per Contract 14.3.1 | | | | | |
| | Totals | | $ 3,729,880 | $ 1,994,204 | 53% | $1,475,135 |
| | | | Amount pd to WM | $ (1,475,135) | | |
| | | | Total owed WM | $ 519,069 | | |
| | | | Interest | $ 124,577 | | |
| | | | Grand Total | $ 643,646 | | |

Date: March 20, 2008