IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QATAR NATIONAL BANK | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **1-06CV01307** |
| | : | |
| WINMAR, INC.d/b/a | : | |
| WINMAR CONSTRUCTION | : | |
| | : | |
| **Defendant** | : | |

### WINMAR, INC.'S OPPOSITION TO QATAR NATIONAL BANK'S MOTION TO STRIKE

COMES NOW, Defendant/Third Party Plaintiff/Counterclaim-Defendant, Winmar, Inc. ("Winmar"), by and through counsel, Lee & McShane, P.C., pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, respectfully submits its Opposition to Qatar National Bank's ("QNB") Motion to Strike Winmar's Unauthorized Surreplies, and in support thereof states as follows:

Winmar filed its initial Surreply on August 4, 2008. Having omitted a key document recently obtained through discovery, Winmar re-filed its Surreply as an Errata the following day on August 5th. The very next morning, the Clerk's office for this Court directed Winmar to re-file their Corrected Surreply with the Errata designation.

As a threshold matter, QNB's Motion to Strike fails to comply with the Local Rules of this Court. Local Rule 7(m) requires that, prior to filing a non-dispositive motion, counsel shall "discuss the anticipated motion with opposing counsel" and that the party filing such motion shall include a statement that the discussion occurred and a statement as to whether or not the motion is opposed. Loc. Cv. R. 7(m) (2008). If such a motion is filed without the appropriate

certification it should be denied. *Ellipso Inc. v. Mann*, 460 F.Supp.2d 99, 102 (D.D.C. 2006). In this instance QNB failed on both accounts. First, counsel for QNB did not contact counsel for Winmar at any time prior to the filing of QNB's Motion to Strike to discuss the motion. Second, QNB's Motion is clearly deficient on its face in that it does not contain a statement to that effect. Accordingly, as it does not comply with the Local Rules of this Court, QNB's Motion to Strike should therefore be denied.

It appears that QNB's main substantive argument in support its Motion to Strike is that Winmar failed to seek or obtain leave of this Court prior to filing its Surreply. While it is certainly clear from the applicable case law that leave of this Court is required in order to file a Surreply, the Local Rules are silent as to that principle. *Wada v. U.S. Secret Service*, 525 F.Supp.2d 1, 10 (D.D.C. 2007) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F.Supp.2d 270, 276–77 (D.D.C. 2002)). Winmar therefore respectfully requests that this Court grant leave for the filing of the Surreply as previously submitted to this Court and accept the filing of the same for consideration.

Substantively, however, Winmar's Surreply is proper in that it brings to light new factual information not previously available. A Surreply is permissible in order to address issues raised in the opposing party's Reply Memorandum to which a party could otherwise not respond. *Pogue*, 238 F.Supp.2d 270, 276–77. In its Reply, QNB makes the erroneous and misleading statement that Winmar was engaging in delay tactics and that Winmar was requesting more time for discovery by suggesting that a ruling on QNB's Motion for Summary Judgment prior to an adjudication of the issues between Winmar and AJI would be improper. Winmar has maintained throughout this litigation that the facts and circumstances of this matter revolve around the core dispute between Winmar and AJI and that any determination of the matters to

which QNB claims it is entitled relief are dependent upon full adjudication of the issues between Winmar and AJI. Winmar was thus compelled to answer the baseless allegations of QNB in this respect.

It was as a result of AJI's document production pursuant to Winmar's request that Winmar was able to confirm the existence of the document attached to its Corrected Surreply with the Errata. That letter indicates that AJI was well aware that they had provided their initial $474,677 payment to Winmar in December of 2005. If AJI was aware that they provided this payment, then it calls into question why they apparently sought re-confirmation of this payment in January of 2006—which is the accepted story between QNB and AJI.

This document was produced in AJI's document production pursuant to Winmar's Requests for Production of Documents. It's presence in their production confirms that AJI previously had confirmation of the initial $474,677 payment. This of course, calls into question the plausibility of the story that AJI sought confirmation of this payment by sending to QNB the exact same transfer request document that it had over a month earlier and whether that payment was truly made in error. This document was not available from AJI until they responded to Winmar's Requests for Production and Winmar was able to review the responsive materials. This did not occur until after the time to respond to QNB's Motion for Summary Judgment and was thus only available to Winmar in that capacity as attached to its Surreply.

This only further serves to underscore the point that the core dispute in this matter is between Winmar and AJI to which numerous issues of material fact still exist and will most likely require trial to adequately resolve. QNB takes the opportunity in its Motion to Strike to restate its positions previously made in its Motion for Summary Judgment and further continues to take the position that these factual differences are irrelevant and further relies on assumptions

in making its arguments.  Most glaringly, QNB asks the Court to assume that AJI's attempt to decertify previously certified payments between AJI and Winmar is dispositive of the issue as to whether Winmar was entitled to any further payments from AJI.  Such an assumption is entirely improper at this time as it is an open issue as between Winmar and AJI.

Once again, as in its Motion for Summary Judgment, QNB has gone to great lengths in an attempt to substantiate that no issue of material fact exists not only between QNB and Winmar but also as between Winmar and AJI.  Their "undisputed facts" however, are premised on the faulty assumption that Winmar is not owed any monies by AJI.  The facts clearly remain, however, that Winmar, at the very least, reasonably believed it was owed a substantial debt by AJI.  That AJI disputes whether they owed any debt and their manner of disputing it results in issues that are not able to be resolved by summary judgment alone.  For the foregoing reasons, Winmar respectfully requests that QNB's Motion to Strike be denied and that Winmar's Corrected Surreply be accepted for filing.

Respectfully submitted,

LEE & MCSHANE, PC

By:      \s\
James F. Lee, Jr., Esquire
DC Bar No. 247718
Trevor M. Ashbarry, Esquire
DC Bar No.  980359
1211 Connecticut Avenue, N.W.
Suite 425
Washington, DC  20036
(202) 530-8100

*Counsel for Defendant,*
*Winmar, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Opposition to Qatar National Bank's Motion to Strike was served electronically and by first class mail, postage pre-paid, on this 2nd day of September, 2008 to:

| | |
|---|---|
| Alan T. Dickey, Esquire<br>DC Bar No. 496403<br>Patton Boggs, LLP<br>2550 M Street, N.W.<br>Washington, DC  20037<br>*Counsel for Plaintiff Qatar National Bank* | Leslie Hugh Wiesenfelder, Esquire<br>DC Bar No. 173500<br>Dow Lohnes, PLLC<br>1200 New Hampshire Avenue, NW<br>Suite 800<br>Washington, DC 20036<br>*Counsel for Al-Jazeera International* |

\s\
_____

Trevor M. Ashbarry, Esquire