**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| QATAR NATIONAL BANK, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) |
| WINMAR, INC., | ) |
| | ) |
|         Defendant, | ) |
| | ) |
|    v. | )   Civil Action No. 06-1307 (GK) |
| | ) |
| AL JAZEERA INTERNATIONAL, | ) |
| | ) |
|         Third Party | ) |
|         Defendant. | ) |

---

## MEMORANDUM OPINION

Third-party Defendant Al Jazeera International ("Al Jazeera"), a division of Al Jazeera Satellite Network, an international news network headquartered in Doha, Qatar, and Plaintiff, Qatar National Bank ("QNB"), have filed Objections to the Report & Recommendation ("R&R"_ issued by Magistrate Judge John M. Facciola on July 15, 2011 ("July 15, 2011 Report") [Dkt. No. 119]. Upon consideration of the Objections, Oppositions, Replies, the Report & Recommendation, and the entire record herein, the Court concludes that the Objections will be **granted in part** and **denied in part**.

**I. Background**

This dispute involves two separate but related actions arising out of a 2005 agreement between Al Jazeera and Winmar, Inc., ("Winmar"), a Washington, D.C.-based construction firm, to construct a state-of-the-art television studio and office space for Al Jazeera at 1627 K Street, N.W., Washington, D.C.

The first action involves a dispute between QNB and Winmar, and relates to a wire transfer system Al Jazeera established at QNB to pay Winmar for its work. QNB alleged that in January 2006 it mistakenly sent a $474,677 payment to Winmar, on Al Jazeera's behalf, which Winmar refused to refund. On September 3, 2009, this Court granted QNB's Motion for Summary Judgment and entered judgment against Winmar for the full refund amount, plus prejudgment and post-judgment interest. See Qatar Nat'l Bank v. Winmar, Inc., 650 F. Supp. 2d 1 (D.D.C. 2009).

The second action involves a dispute between Winmar and Al Jazeera, involving various claims and cross claims between the parties for breach of the parties' 2005 construction agreement ("2005 Agreement"), unjust enrichment, and mistake. From June 30, 2010 through July 2, 2010, a bench trial was held in this matter.[1] On September 29, 2010, this Court entered judgment against Al

---

[1] Further details about the factual and procedural history of this case can be found in this Court's September 29, 2010 and September 3, 2009 opinions. See Winmar, Inc., v. Al Jazeera Int'l, 741 F. Supp. 2d 165 (D.D.C. 2010); Qatar Nat'l Bank v. Winmar, Inc., 650 F. Supp. 2d 1 (D.D.C. 2009).

2

Jazeera in the amount of $1,472,625.50 plus prejudgment and post-judgment interest ("September 29, 2010 judgment"). See Winmar, Inc., v. Al Jazeera Int'l, 741 F. Supp. 2d 165.  On October 28, 2010, Al Jazeera appealed this decision [Dkt. No. 74].[2]

Shortly after the entry of judgment against Al Jazeera, the parties filed a series of post-judgment motions, including Winmar's Motion to Alter or Amend the Judgment to Include Attorneys' Fees and Costs Plus Pre and Post Judgment Interest ("Winmar's Motion to Alter or Amend")(Oct. 13, 2010) [Dkt. No. 69], QNB's Motion for Entry of a Charging Order ("QNB's Motion for Charging Order") (Jan. 7, 2011)[Dkt. No. 88], and Winmar's Motion to Quash Notice of Seizure or in the Alternative to Permit Winmar to Execute upon Its Judgment Against Al Jazeera International ("Winmar's Motion to Quash")(Jan. 7, 2011) [Dkt. No. 90].

The Court subsequently referred these Motions to Magistrate Judge Facciola for a Report & Recommendation. See Notice to Counsel (Apr. 13, 2011) [Dkt. No. 109]; Order (June 10, 2011) [Dkt. No. 117]. On July 15, 2011, Magistrate Judge Facciola issued his Report & Recommendation for all three Motions.

---

[2] On April 13, 2011, the Court of Appeals for this Circuit issued an Order holding Al Jazeera's appeal in abeyance pending the resolution of Winmar's Motion to Alter or Amend, then pending before this Court. See Order [Dkt. No. 1303042], Qatar Nat'l Bank v. Winmar, Inc. v. Al Jazeera Int'l, No. 10-7137 (D.C. Cir. filed Oct. 29, 2010).

On July 29, 2011, Al Jazeera and QNB each filed Objections to the Magistrate Judge's July 15, 2011 R&R. See Al Jazeera International's Objections to the Magistrate Judge's Proposed Findings and Recommendations ("Al Jazeera Objections") [Dkt. No. 121]; Objection to the Findings and Recommendations of Magistrate ("QNB Objections")[Dkt. No. 122]. On August 12, 2011, Winmar filed an Opposition to Al Jazeera and QNB's Objections. See Winmar Inc.'s Response to Objections to the Report and Recommendation of the Magistrate Judge ("Winmar Opp'n") [Dkt. No. 125]. On August 19, 2011, Al Jazeera and QNB filed replies to Winmar's opposition. See Al Jazeera International's Reply to Winmar Inc.'s Response to Al Jazeera International's Objections to the Magistrate Judge's Proposed Findings and Recommendations ("Al Jazeera Reply") [Dkt. No. 126]; Memorandum in Reply to Winmar Inc.'s Response to Objections to the Report and Recommendations of the Magistrate Judge ("QNB Reply") [Dkt. No. 127].

## II. Anlaysis

Pursuant to Federal Rule of Civil Procedure 53 and LCvR 72.3(c), the court reviews objections to the factual findings and legal conclusions of a report & recommendation de novo. As no objections have been filed to the Magistrate Judge's R&R for QNB's Motion for a Charging Order, the Court will adopt his Recommendation and deny the Motion. Al Jazeera and QNB have, however, raised Objections to the Magistrate Judge's

4

Recommendations for Winmar's Motion to Alter or Amend and Winmar's Motion to Quash.

### A.   Winmar's Motion to Alter or Amend

Al Jazeera raises Objections to the following portions of the July 15, 2011 R&R for Winmar's Motion to Alter and Amend: (1) the Recommendation that Winmar be permitted to file a new motion for attorneys' fees; (2) the Recommendation that prejudgment interest on the September 29, 2010 judgment be calculated as of March 9, 2006; (3) the Recommendation that Winmar's claim for post-judgment interest be governed by the construction contract rather than 28 U.S.C. § 1961; and (4) the Recommendation that the Court's September 29, 2010 judgment be vacated, instead of amended, and that Al Jazeera post a supersedeas bond. Al Jazeera Objections 2-17. QNB also joins in this last objection. QNB Objections 1-3.

### 1.   Attorneys' Fees

In his July 15, 2011 R&R, the Magistrate Judge denied Winmar's request that Al Jazeera pay all the attorneys' fees incurred by Winmar in its disputes with both Al Jazeera and QNB. The Magistrate Judge concluded that, pursuant to the 2005 Agreement, Al Jazeera was not responsible for the attorneys' fees relating to Winmar's dispute with QNB.[3] July 15, 2011 R&R 6. The

---

[3] Section 4.6.3. of the parties' 2005 Agreement states that: "In any action or proceeding brought by the Contractor [Winmar] to enforce any provision of this Agreement, or where any provision is validly asserted as a defense, the Contractor shall be entitled to
(continued...)

Magistrate Judge also concluded that under the 2005 Agreement Al Jazeera remained liable for attorneys' fees Winmar incurred in their dispute. Id. at 6-7. The Magistrate Judge recommended, therefore, that Winmar's Motion to Alter or Amend be denied without prejudice and that Winmar be permitted to submit a revised motion seeking only those attorneys' fees incurred in its dispute with Al Jazeera. Id. at 7.

Although Al Jazeera does not dispute Winmar's contractual right to attorneys' fees, it argues that Winmar should not be allowed a "second bite at the apple" as Winmar had no grounds for seeking attorneys' fees relating to its dispute with QNB. Al Jazeera Objections 3. Al Jazeera has, however, presented no authority supporting this position, which effectively deprives Winmar of its contractual right to attorneys' fees, nor is such a harsh outcome either appropriate or fair. The Court, therefore, adopts the Magistrate Judge's Recommendation to **grant in part and deny in part** Winmar's Motion to Alter or Amend and to require Winmar to resubmit a request for attorneys' fees which relate only to its dispute with Al Jazeera.

---

[3](...continued)
recover reasonable attorneys' fees in addition to its costs and expenses and any other available remedy." The Magistrate Judge concluded that, because Winmar did not prevail in its dispute with QNB, there was no "validly asserted" defense as required by this provision. July 15, 2011 R&R 6.

6

### 2.  Prejudgement Interest

In the July 15, 2011 R&R, the Magistrate Judge recommended that, pursuant to the 2005 Agreement, prejudgment interest on the September 29, 2010 judgment be calculated from March 9, 2006. July 15, 2011 R&R 8.

Al Jazeera does not suggest that a March 9, 2006 start-date is inconsistent with the language of the 2005 Agreement. Rather, citing to D.C. Code § 15-109,[4] Al Jazeera claims that the Court "is free within the exercise of its sound discretion to adopt a different date from which prejudgment interest at the contract rate will apply." Al Jazeera Objections 5. Al Jazeera argues that the Court should exercise this discretion and allow prejudgment interest to run from January 12, 2007, the date on which Al Jazeera was served with Winmar's Third Party Complaint and first "had any reason to believe that Winmar had a claim against it, much less that any money was due and owing to Winmar." Id. at 9.

Al Jazeera is correct that the Court has considerable discretion in awarding prejudgment interest. See District of Columbia v. Pierce Assocs., Inc., 527 A.2d 306, 310 (D.C. 1987)(under Section 15-109, the factfinder "in the exercise of its

---

[4] D.C. Code § 15-109 relates to the interest on judgments in contract and tort cases. It provides, in relevant part, that: "In an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of the judgment only. This section does not preclude the jury, or the court . . . from including interest as an element in the damages awarded . . . ."

7

discretion, [has] authority to award prejudgment interest in cases involving unliquidated claims if necessary to fully compensate the plaintiff"). The Court concludes, however, that the Magistrate Judge appropriately recommended a March 9, 2006 start-date for prejudgment interest. This start-date comports with the parties' 2005 Agreement, and Al Jazeera has provided no compelling reason for the Court to depart from the contract language and assign a different start-date. For these reasons, the Court **denies** Al Jazeera's objection, and affirms the Magistrate Judge's Recommendation on this issue.

### 3.   Post-judgment Interest

In his July 15, 2011 R&R, the Magistrate Judge recommended that post-judgment interest on the September 29, 2010 judgment be set at a rate of 12%, in accordance with the 2005 Agreement. July 15, 2011 R&R 10. Al Jazeera objects to the Magistrate Judge's Recommendation and argues that 28 U.S.C. § 1961 should govern post-judgment interest on the September 29, 2010 judgment. Al Jazeera Objections 10.

28 U.S.C. § 1961 provides in relevant part that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

In Section 1961, "Congress expressed its desire to establish a realistic and nationally uniform rate of interest on judgments in Federal courts to eliminate the incentive for delaying payment of judgments and for filing frivolous appeals . . . ." Nissho-Iwai Co. v. Occidental Crude Sales, Inc., 848 F.2d 613, 623 (5th Cir. 1988)(citation and internal quotations omitted). Although parties may contract around 28 U.S.C. § 1961, "to do so, they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes." In re Riebesell, 586 F.3d 782, 794 (10th Cir. 2009) (citation and internal quotations omitted). To satisfy this standard, the parties' contract must expressly state that the chosen interest rate specifically applies to judgments or judgment debts. See FCS Advisors, Inc. v. Fair Fin. Co., 605 F.3d 144, 148 (2d Cir. 2010)(holding that Section 1961 applied where the parties' agreement failed to specify that the selected interest rate applied to either judgements or judgment debts).

The parties 2005 Agreement does not meet this standard. Under Section 7.2 of the 2005 Agreement, "[p]ayments due and unpaid under the Contract shall bear interest from the date payment is due at the rate [of 12%], or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located." Joint Ex. 1-5. This provision clearly fails to expressly

state that the 12% interest rate applies to judgments or judgment debts. Consequently, the Court shall grant Al Jazeera's objection and set the post-judgment interest rate in accordance with 28 U.S. § 1961. Based on this statute, the applicable post-judgment interest rate for the September 29, 2010 judgment is .25%. Post-Judgment Interest Rate 2010, available at http://www.utd.uscourts.gov/documents/int2010.html. For this reason, the Court rejects the Magistrate Judge's Recommendation on this issue and **grants** Al Jazeera's objection.

### 4.   Vacating the Judgment and Posting a Supersedeas Bond

In the July 15, 2011 R&R, the Magistrate Judge recommended that the September 29, 2010 judgment be vacated and that a new judgment be entered that "reflects the award of [] a specific amount of pre-judgment interest and [] attorneys' fees." July 15, 2011 Report 12. The Magistrate Judge also recommended that, once a new judgment is entered, Al Jazeera be required to post a supersedeas bond as this "would protect the interests of both Winmar and QNB as judgment creditors." Id.

Al Jazeera and QNB object to vacature of the September 29, 2010 judgment on the grounds that the Magistrate Judge made this recommendation sua sponte. Al Jazeera Objections 14-15; QNB Objection 2. Nor did Winmar request such relief. As the Court has no authority to order such relief sua sponte, and the parties had no opportunity to address the issue in advance of the

10

Recommendation, the Court **grants** Al Jazeera and QNB's objections on this point and shall amend, rather than vacate, the September 29, 2010 judgment.

Al Jazeera and QNB object to the Recommendation for posting of a supersedeas bond on the ground that the Court lacks authority under Federal Rule of Civil Procedure 62. Pursuant to that Rule, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." Al Jazeera and QNB are correct that, barring a request from Al Jazeera to stay execution of the September 29, 2010 judgment, which it did not make, the Court cannot require Al Jazeera to post a supersedeas bond. See Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006) ("A judgment debtor who is unable or is unwilling to post a supersedeas bond retains the right to appeal . . . .") (citing to Koster & Wythe v. Massey, 262 F.2d 60, 62 (9th Cir. 1958)). As Al Jazeera has not requested a stay of execution, this Court shall **grant** Al Jazeera and QNB's Objections to the Recommendation.

**B. Winmar's Motion to Quash**

In the July 15, 2011 R&R, the Magistrate Judge granted Winmar's Motion to Quash QNB's Notice of Seizure and denied as premature Winmar's alternative request to execute on the September 29, 2010 judgment. July 15, 2011 Report 12. The Magistrate Judge

11

based this Recommendation on his assumption that the September 29, 2010 judgment would be vacated and that there was, therefore, no judgment upon which either QNB or Winmar could execute. July 15, 2011 Report 12. QNB objects to the Magistrate Judge's recommendation and argues that Winmar's Motion to Quash should be denied on the merits. QNB Objections 3-4.

The Court agrees that it is appropriate at this time to decide Winmar's Motion to Quash on the merits. In that Motion, Winmar seeks to prevent QNB from seizing the September 29, 2010 judgment for $1,472,625.50 and selling it at public auction to satisfy the debt Winmar owes QNB over the mistaken payment of $474,677. Memorandum in Support of Winmar Inc.'s Motion to Quash Notice of Seizure or in the Alternative to Permit Winmar to Execute upon Its Judgment Against Al Jazeera International, 3 ("Mem. in Support of Winmar Mot. to Quash") (Jan. 1, 2011) [Dkt. No. 90-1]. Winmar argues that QNB should not be permitted to seize the September 29, 2010 judgment because Al Jazeera's pending appeal has prevented Winmar from executing upon the judgment. Id. In support of its argument, Winmar points to a letter from the Clerk of this Court, denying Winmar's request for a Writ of Execution against the September 29, 2010 judgment because of Al Jazeera's pending appeal. Ex. B to Winmar's Mot. to Quash (Jan. 7, 2011)[Dkt. No. 90-3]. Should the Court deny its Motion to Quash, Winmar seeks an Order

permitting it to execute on the September 29, 2010 judgment.[5] Mem. in Support of Winmar Mot. to Quash, 3.

In response to Winmar's Motion, QNB argues that, even if Winmar cannot execute on the September 29, 2010 judgment, QNB is empowered, pursuant to D.C. Code §§ 15-307 and 15-312, to effect a public sale of the September 29, 2010 judgment. Memorandum in Opposition to Winmar Inc.'s Motion to Quash Notice of Seizure or in the Alternative to Permit Winmar to Execute upon Its Judgment Against Al Jazeera International, 4 ("QNB Opp'n to Winmar Mot. to Quash")(Jan. 12, 2011) [Dkt. No. 92].[6]

---

[5] In its opposition to Al Jazeera and QNB's Objections, Winmar moves to stay execution of the judgment debt it owes to QNB. Winmar Opp'n 2. Although Winmar did not raise this request in its Motion to Quash, it has previously requested and been denied such relief by this Court. See Memorandum Order ("June 15 2010 Order") (June 15, 2010) [Dkt. No. 62]. While Winmar reasserts many of the arguments the Court rejected in its June 15, 2010 Order, it also presents a new argument in favor of staying execution. Specifically, Winmar argues that a stay should be granted because QNB is "colluding" with Al Jazeera. See Winmar Inc.'s Response to the Report and Recommendation of the Magistrate Judge, 2 (Aug. 12, 2011) [Dkt. No. 125] ("If QNB is allowed peremptorily to liquidate the judgment against Al Jazeera at a fraction of its face value, QNB will wipe out its sibling entity's obligation, leaving both Al Jazeera and QNB unjustly enriched. This would reek of collusion."). Winmar provides no evidence of such "collusion" and, bases its argument, instead, on the fact that "Al Jazeera and QNB are under the substantial ownership and control of the state of Qatar." Id. These are hardly grounds for asserting, let alone proving, that QNB and Al Jazeera are engaged in collusion.

[6] As QNB correctly points out, it has taken no position on Winmar's request to execute against the September 29, 2010 judgment, as QNB lacks the requisite standing to do so. QNB Opp'n to Winmar Mot. to Quash 1 n.1.

Federal Rule of Civil Procedure 62 governs execution upon a judgment pending appeal. As Rule 62 makes clear, the appellant must request a stay in order to prevent appellee from executing on the judgment. See Fed. R. Civ. P. 62(d). As Winmar correctly notes, although "Al Jazeera has filed its notice of appeal . . . it has posted no bond, nor has it requested that this Court enter a stay on the execution of the [September 29, 2010] judgment." Id. at 5. The Court, therefore, concludes that Winmar can, in fact, execute upon the September 29, 2010 judgment and shall **grant** Winmar's Motion.[7]

The Court concludes that Winmar's Motion to Quash QNB's Notice of Seizure should also be granted. Through no fault of its own, Winmar has been prevented from executing upon its judgment against Al Jazeera. Without deciding whether D.C. law permits QNB to seize and sell the September 29, 2010 judgment, the Court concludes that the fairest and most appropriate course is for Winmar to be allowed the opportunity to execute upon its judgment. Once execution has been affected, the funds Winmar obtains will be subject to QNB's

---

[7] The Court notes that allowing Winmar to execute upon the September 29, 2010 judgment does not prejudice Al Jazeera's right to recover those monies should it prevail on its appeal. See Baltimore & Ohio R.R. Co. v. United States, 279 U.S. 781, 786, 49 S.Ct. 492 (1929) ("The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established. And, while the subject of the controversy and the parties are before the court, it has jurisdiction to enforce restitution and so far as possible to correct what has been wrongfully done.")

December 16, 2010 Writ of Execution. <u>See</u> Writ of Execution (Dec. 16, 2010) [Dkt. No. 85]; FED. R. CIV. P. 69.

## III. Conclusion

For the foregoing reasons, the Court **grants in part** and **denies in part** the Objections brought by Al Jazeera and QNB. With regard to QNB's Motion for a Charging Order, the Court denies the Motion. With regard to Wimnar's Motion to Alter or Amend, the Court grants the Motion with the following conditions: (1) on attorneys' fees, the Court orders Winmar to submit a new motion for attorneys' fees relating only to its contract dispute with Al Jazeera; (2) on prejudgment interest, the Court holds that prejudgment interest shall run from March 9, 2006, in accordance with the 2005 Agreement; (3) on post-judgment interest, the Court holds that post-judgment interest shall be set at a rate of .25%; and (4) on vacating the September 29, 2010 judgment and posting a supersedeas bond, the Court holds that the September 29, 2010 judgment shall be amended, rather than vacated, and that Al Jazeera shall not be required to post a superseadeas bond at this time. With regard to Winmar's Motion to Quash, the Court grants the Motion to Quash

QNB's Notice of Seizure and the Motion to Execute on the September 29, 2010 judgment. An Order will accompany this memorandum opinion.


                                    /s/_____
September 28, 2011                  Gladys Kessler
                                    United States District Judge


**Copies via ECF to all counsel of record**