# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QATAR NATIONAL BANK, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 06-1307 (GK) |
| | : | |
| WINMAR, INC., | : | |
| | : | |
| **Defendant and Third-Party Plaintiff,** | : | |
| _____ | : | |
| | : | |
| WINMAR, INC., | : | |
| | : | |
| **Third-Party Plaintiff and Counter-Claim Defendant,** | : | |
| | : | |
| v. | : | |
| | : | |
| AL JAZEERA INTERNATIONAL, | : | |
| | : | |
| **Third-Party Defendant and Counter-Claim Plaintiff.** | : | |

## MEMORANDUM OPINION

There are seven motions pending at this time.[1]  They are:  (1) Winmar's Motion for Order

to Strike Forged Stipulation Presented to the Court by Leslie H. Wiesenfelder of Dow Lohnes, PLLC

[Dkt. No. 148], (2) Motion of Garnishees Al Jazeera International (USA), Inc. ("Al Jazeera Int.

(USA)) and Peninsula Production Company ("Peninsula") to Vacate Orders for Lack of Finality of

Underlying Judgment [Dkt. No. 156], (3) Emergency Motion of Al Jazeera Int. to Quash All

Outstanding Writs of Attachment on Judgment and Stay Any Further Enforcement Proceedings [Dkt.

No. 147], (4) Qatar National Bank's ("Qatar Bank") Motion to Enter Judgment of Condemnation

---

[1]      There is also pending Winmar's Amended Motion for Attorneys' Fees and Costs.
That Motion, which is of a very different nature than the seven motions being dealt with in this
Order, will be decided as soon as possible.

or, in the Alternative, to Confirm Lien [Dkt. No. 151], (5) Qatar Bank's Motion to Enforce Writ of Execution [Dkt. No. 164], (6) Winmar's Motion for Judgment Against Garnishees for Failure to Answer Interrogatories [Dkt. No. 165], and (7) Qatar Bank's Motion to Quash Writ of Attachment [Dkt. No. 189]. On December 19, 2011, the Court held a lengthy Motions Hearing, and discussed what practical effects different rulings by the Court may have on this very complicated post-judgment situation. Because there is an Emergency Motion pending, and because all parties are anxious to have these Motions resolved quickly, the Court is issuing this final Order with only very brief references to applicable case law and a very abbreviated statement of its reasons.[2]

    1.    Winmar's Motion to Strike Forged Stipulation Presented to the Court by Leslie H. Wiesenfelder of Dow Lohnes, PLLC is **granted** for the following reasons, as well as those set forth orally at the Motions Hearing.

    The document filed by Al Jazeera Int. and labeled a "Joint Stipulation" is very misleading. According to Black's Law Dictionary, a "stipulation" is a "voluntary agreement between opposing parties." Id. at 1500 (9th ed. 2009). On its face, the Joint Stipulation states that Winmar and Al Jazeera Int. agreed on the amount of the supersedeas bond to be posted by Al Jazeera. Al Jazeera has conceded, however, that Winmar did not, in fact, consent to the bond amount. Moreover, the word "joint" also connotes that the parties have agreed to the document being filed. Al Jazeera's "Joint Stipulation" was neither "joint" nor a "stipulation." It should never have been filed.

    Al Jazeera's Opposition to the Motion consistently referred to the "Joint Stipulation" as a "Proposed Stipulation," as if that was the title of the document filed. That reference too was

---

    [2]    As counsel know from other rulings in this case, the Court usually issues fairly detailed opinions. However, it is neither practical nor helpful for the parties to follow that procedure at this time.

misleading. Nowhere does the "Joint Stipulation" indicate that it was merely a proposed stipulation. Al Jazeera Int. argues that the Court was, however, aware of the proposed nature of the stipulation because counsel for Al Jazeera notified Chambers that counsel for Winmar had not agreed to the bond amount. It is true that, both before and after the Court signed the Joint Stipulation, counsel for Al Jazeera Int. called Chambers with this information. However, because of the misleading nature of the Joint Stipulation heading, and the fact that the Court understood that counsel had been in negotiations over the bond amount, the Court surmised that they were close to resolving the issue, and that there was basic agreement -- which there was not -- to the filing of a supersedeas bond.

Moreover, rather than telephoning Chambers, counsel for Al Jazeera Int. should have immediately filed a motion withdrawing the Joint Stipulation or requesting its vacatur after the Joint Stipulation had been signed by the Court.

For these reasons, the Joint Stipulation shall be struck, Winmar's Motion is **granted**, and the supersedeas bond, issued on November 21, 2011, is **null and void** because it was issued on the basis of inaccurate information.

2.     Two garnishees, Peninsula and Al Jazeera Int. (U.S.A.), have filed a Motion to Vacate Orders for Lack of Finality of Underlying Judgment. That Motion is **granted** for the following reasons.

First, the Court concludes that Winmar's claim that the garnishees lack standing is without merit. See Weininger v. Castro, 462 F. Supp. 2d 457, 473 (S.D.N.Y. 2006); Harrington v. Hollingsworth, C.A. No. 89C-JL3, 1996 WL 769635, at * 2-3 (Del. Super. Ct. Dec. 20, 1996); Fed. R. Civ. P. 60; Fed. R. Civ. P. 54(b); D.C. Code § 16-551; see Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 188 (2d. Cir. 2006); Quander v. Dow, 721 A.2d 977, 978 (D.C. 1998).

Second, despite the filing of an appeal by Al Jazeera Int. with the Court of Appeals, this Court concludes that it has jurisdiction. Robertson v. Cartinhour, 691 F. Supp. 2d 65, 74-75 (D.D.C. 2010). In McKesson HBOC, Inc. v. Islamic Rep. of Iran, 315 F. Supp. 2d 63, 65-66 (D.D.C. 2004), the District Court concluded that "[i]t is settled that notice of appeal from an unappealable order does not divest the District Court of jurisdiction," and supporting cases cited therein. See also McManus v. District of Columbia, 545 F. Supp. 2d 129, 133-34 (D.D.C. 2008).[3] Because this Court concludes, for the reasons stated, *infra*, that its Order of September 29, 2010 and its Order of September 28, 2011 were not final orders, Al Jazeera's appeals of the Orders were invalid under 28 U.S.C. § 1291, which provides for the appeal of only "all final decisions" of the District Court.

Third, the Court now turns to the question of whether its Orders of September 29, 2010, and September 28, 2011, were "final judgments" pursuant to 28 U.S.C. § 1291. If not, then they were "unappealable," and as non-final judgments, no post-judgment writs could be filed; if they were final judgments, then the appeals taken by Winmar were proper, and all the post-judgment actions Winmar took to secure its judgments were proper. The two garnishees who are the moving parties in this Motion argue that the Orders of September 29, 2010 and September 28, 2011 were not final because two issues were undecided: the amount of attorneys' fees provided for under the contract and a clear decision on Al Jazeera Int.'s counter-claims against Winmar.

There is no question that "[a]n execution ordinarily may issue only upon a final judgment." Redding & Co., Inc. v. Russwine Constr. Co., 417 F.2d 721, 727 (D.C. Cir. 1969). See also Seminole Nation of Okla. v. Norton, No. 01-5418, 2002 WL 1364249 at *1 (D.C. Cir. May 24, 2002). In order to decide whether a district court's order is a final decision, it must be determined

---

[3]     Of course, a court always has jurisdiction to decide its jurisdiction.

whether it is a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945)).

In Budinich v. Becton Dickinson and Co., 486 U.S. 196,199 (1988), the Supreme Court addressed the question of "whether a decision on the merits is a 'final decision' as a matter of federal law under § 1291 when the recoverability of amounts of attorneys' fees for the litigation remains to be determined."  In a detailed analysis of that question, Justice Scalia noted that "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order."  Id.  While acknowledging that the Court had "all but held that an attorney's fees determination fits this description," Justice Scalia explained that the Court's holding "was based on our conclusion that a request for attorney's fees under § 1988 raises legal issues 'collateral to' and 'separate from' the decision on the merits."  Id. at 199-200.  Justice Scalia recognized that "the foregoing discussion is ultimately question-begging, however, since it assumes that the order to which the fee issue was collateral *was* an order ending litigation on the merits.  If one were to regard the demand for attorney's fees *itself* as part of the merits, the analysis would not apply.  The merits would then not have been concluded, and § 1291 finality would not exist."  Id. at 200 (emphasis in original).

Thus, the question in this case is whether the demand for attorneys' fees was "part of the merits" of Plaintiff's claim.  In Winmar's Third-Party Complaint Against Third-Party Defendant Al Jazeera Int. [Dkt. No. 19], it alleges, in Count 2, breach of contract based upon Al Jazeera's failure to pay all amounts due and owing to Winmar under the contract.  ¶ 37 (emphasis added).  In its Request for Relief, Winmar prays that "upon final judgment, it has judgment against Al Jazeera International in an amount in excess of $474,677, plus reasonable attorneys' fees, costs, expenses,

pre- and post-judgment interest . . . ."  Thus, it is clear that in its actual Complaint against Al Jazeera

International, Winmar itself requested that attorneys' fees be included in the "final judgment" it

seeks.  In addition, it is significant that in the Order of September 29, 2010, which was the final

opinion on the merits after the bench trial, the Court did include rulings on pre-judgment and post-

judgment interest, both of which were included in Winmar's prayer for relief.

Finally, the contractual provision upon which Winmar rests its claim for attorneys' fees,[4]

Section 4.6.3 reads as follows:

> In any action or proceeding brought by the Contractor [Winmar] to
> enforce any provision of this agreement or where any provision is
> validly asserted as a defense, the Contractor shall be entitled to
> recover reasonable attorneys' fees in addition to its costs and
> expenses and any other available remedy.

In Carolina Power & Light Co. v. Dynegy Marketing and Trade, 415 F.3d 354, 360 (4th Cir.

2005), the Fourth Circuit discussed Budinich at length, and noted that the attorneys' fee claim in that

case was based on the plaintiff's prevailing party status, whereas in this case, the attorneys' fee claim

was based on a contractual provision.  Given that significant difference, the Fourth Circuit reasoned

that "a claim for legal costs based on a contractual provision that is not limited to expenses incurred

during the underlying litigation is an element of damages to be proved at trial under the substantive

law governing the action."  Id. at 356.  The Fourth Circuit then concluded that the judgment on the

merits in its case was not appealable because "when a contract provides for an award of attorneys'

fees or legal costs, not as costs to the prevailing party [as in Budinich], the grant or denial of such

an award is a substantive issue that must be addressed before appeal is taken.  Id. at 362.

---

[4]      There is no dispute among the parties that this is the relevant contractual provision.

The facts of this case fit squarely within the principle enunciated in <u>California Power & Light Co.</u> in that § 4.6.3 of the Contract is not  restricted to instances in which Winmar is a "prevailing party."  Instead, the Contract entitles Winmar to reasonable attorneys' fees whenever Winmar sues "to enforce any provision of this Agreement, or where any provision is validly asserted as a defense." There is no requirement in § 4.6.3 that Winmar be a "prevailing party" or indeed that a dispute be brought in a judicial proceeding.[5]

For the foregoing reasons, the Court concludes that the attorneys' fees sought in this case are an integral part of the underlying substantive claim and therefore there was no final judgment because that issue was not decided.  <u>Carolina Power & Light</u>, 415 F.3d at 359 ("[A]n unresolved claim for <u>substantive</u> attorneys' fees under the complaint <u>does</u> prevent the entry of judgment") (emphasis in original).  Therefore, the Motion of Peninsula Production Co. and Al Jazeera Int. (USA), Inc. to Vacate Orders for Lack of Finality of Underlying Judgment is **granted**.

3.      Given the ruling, it follows that the Emergency Motion of Al Jazeera Int. (USA) to Quash All Outstanding Writs of Attachment on Judgment and Stay Any Further Enforcement Proceedings, the Motions of Qatar Bank to Enter Judgment of Condemnation or, in the Alternative, to Confirm Lien, Motion to Enforce Writ of Execution, and Motion to Quash Writ of Attachment, as well as Winmar's Motion for Entry of Judgment Against Garnishees for Failure to Answer Interrogatories must all be **denied**.

It is only if the underlying judgments against Al Jazeera are final that the subsequent execution orders of various varieties which have been filed are valid.  <u>See</u> <u>Int'l Controls Corp. v.</u>

---

[5]      For example, there is nothing in § 4.6.3 to preclude Winmar from seeking mediation or arbitration to resolve the dispute.

Vesco, 535 F.2d 742, 745 (2d Cir. 1976).  In other words, "[a] writ of execution is invalid if based upon a judgment that was not final when the writ was issued, and the fact that the judgment became final [later] cannot lend life to the invalid writ," Am. Jur. 2d Executions § 57 (2011); "Since the validity of any garnishment judgment rests upon the finality of the underlying debt judgment . . . entry of a judgment in the garnishment proceeding is not authorized before the judgment in the underlying debt suit becomes final."  Id. § 580.

In sum, since the underlying Orders of September 29, 2010, and September 28, 2011, are not final, all the outstanding writs of attachments, execution, and garnishment are invalid and therefore there is no need to grant the pending Motions to Quash, Enter Judgment of Condemnation or Confirm Lien, Enforce Writ of Execution, and Entry of Judgment.


December 21, 2011                    /s/_____
                                     Gladys Kessler
                                     United States District Judge


**Copies via ECF to all counsel of record**