UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QATAR NATIONAL BANK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-1307 (GK) |
| | : | |
| WINMAR, INC., | : | |
| | : | |
| Defendant and Third-Party Plaintiff, | : | |
| | : | |
| WINMAR, INC., | : | |
| | : | |
| Third-Party Plaintiff and Counter-Claim Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| AL JAZEERA INTERNATIONAL, | : | |
| | : | |
| Third-Party Defendant and Counter-Claim Plaintiff. | : | |

**MEMORANDUM OPINION**

On October 13, 2010, Winmar filed its Motion to Alter or Amend the Judgment to Include Attorneys' Fees and Costs Plus Pre- and Post-Judgment Interest [Dkt. No. 69]. Because Winmar failed to allocate its attorneys' fees and costs between the original complaint brought by Qatar National Bank ("QNB") against Winmar and the third-party action which Winmar brought against Al Jazeera International ("Al Jazeera"), the Court denied the Motion on September 28, 2011, and ordered Winmar "to submit a new Motion for attorneys' fees related only to its contract dispute with Al Jazeera." Order at 1, 2 [Dkt. Nos. 129, 130]. Winmar has done so, and on October 28, 2011, filed its Amended Motion for Attorneys' Fees and Costs ("Amended Mot.") [Dkt. No. 133]. Winmar seeks a total of $149,965.40 pursuant to § 4.6.3 of the General Conditions of the construction

contract between the parties.[1]  Upon consideration of the Amended Motion, the Opposition of Al Jazeera [Dkt. No. 138], Winmar's Reply [Dkt. No. 146], and the entire record in this case, the Court concludes, for the following reasons, that the Motion should be **granted in part and denied in part**.

This matter arises out of an action initially brought by QNB against Winmar claiming that Winmar had no right to retain funds that were mistakenly transferred to Winmar by QNB.  Asserting its right to payment from Al Jazeera for the monies wired by QNB, Winmar filed its Third-Party Complaint against Al Jazeera alleging breach of contract and unjust enrichment.  Al Jazeera counterclaimed for breach of contract, mistake, and unjust enrichment.  After a bench trial, the Court awarded Winmar $1,472,625.50 in damages, and Judgment was entered on September 29, 2010 [Dkt. No. 68].  Al Jazeera does not dispute the reasonableness of the hourly rates charged to Winmar, nor the number of hours spent on individual tasks performed by counsel for Winmar.

l.a.    Al Jazeera argues that Winmar has still failed to properly allocate its attorneys' fees and costs between the litigation with QNB and the litigation against Al Jazeera.  In particular, Al Jazeera argues that all of the fees which Winmar incurred in its dispute with QNB, including all fees incurred prior to Winmar's preparation of its third-party complaint against Al Jazeera filed on October 6, 2006 [Dkt. No. 15], are exclusively attributable to Winmar's dispute with QNB and, therefore, not reimbursable to any extent under Winmar's contract with Al Jazeera.  Al Jazeera Opp. at 6.  In support of that position, Al Jazeera has submitted Exh. A [Dkt. No. 138-1], a chart which

---

[1]    Section 4.6.3 provides that:

> In any action or proceeding brought by the Contractor [Winmar] to enforce any provision of this Agreement, or where any provision is validly asserted as a defense, the Contractor shall be entitled to recover reasonable attorneys' fees in addition to its costs and expenses and any other available remedy.

clearly sets forth, with all the relevant information, those invoices, properly numbered, for which it believes Winmar has improperly included amounts for attorneys' fees and costs exclusively attributable to the QNB litigation.[2]

There is no question that all fees that Winmar has improperly attributed to Al Jazeera and which are exclusively attributable to the litigation with QNB must be deducted from Winmar's award. That litigation, between Winmar and QNB, ended when the Court entered its Order granting summary judgment in favor of QNB on September 4, 2009 [Dkt. No. 50]. At a very minimum, any fee requests for work done on the QNB litigation subsequent to September 4, 2009, when summary judgment was granted to QNB, must be deducted from the total award Winmar seeks.[3]

1.b.    In addition, Al Jazeera argues that Winmar should be denied all fees incurred prior to preparation of its third-party complaint against Al Jazeera because all such legal work was exclusively attributable to Winmar's dispute with QNB. In support of this position, Al Jazeera presents numerous examples, contained in its Exh. A, of invoices for which Winmar seeks to collect 100% of fees from Al Jazeera for work clearly related to the QNB litigation. See e.g., Invoices 22493, 22643, 25702, 25901, and 27127.

Winmar has offered no persuasive responses as to those entries in Exh. A which cover fees claimed for work performed before September 4, 2009, when QNB prevailed on its Motion for Summary Judgment. Moreover, because of the manner in which Winmar submitted its

---

[2]    Exhibit A was extremely helpful to the Court. Unfortunately, the documentation submitted by Winmar, while voluminous, was less than helpful [Dkt. #133-3]. It was extremely difficult to determine from that exhibit exactly what work attorneys had done for each of the many invoices which were referenced.

[3]    There appear to be only two. See Invoices 31285 and 31842.

documentation, it was not feasible for the Court to make any apportionment, even assuming for the moment that it was the Court's obligation, rather than Winmar's to do so. For these reasons, and because Winmar has failed to carry its burden of proving the proper allocation of fees,[4] Winmar may recover only 50% of those fees it claims, prior to September 4, 2009, because it failed to satisfactorily prove it had apportioned work done for the QNB litigation and work done for the Al Jazeera litigation.

2.   Al Jazeera argues that Winmar should not recover any of its fees incurred in connection with its unsuccessful Rule 19 Motion to Dismiss [QNB] for Failure to Join a Necessary Party, filed August 14, 2006 [Dkt. No. 8], and for its successful Rule 14 Motion for Leave to File a Third-Party Complaint Against Al Jazeera, filed October 6, 2006 [Dkt. No. 15], on the ground that such Motions were unnecessary.

2.a.   The Rule 19 Motion to Dismiss QNB for Failure to Join a Necessary Party clearly related only to the QNB litigation, and, therefore, is non-compensable. Winmar argues that it was required to file that Motion, as well as its Rule 14(a) Motion to bring in Al Jazeera as a third-party defendant, in order "to mitigate damages in the litigation with Al Jazeera, because the money sought to be retained was to reduce the judgment against Al Jazeera." Winmar Reply at 4-5.[5] Winmar

---

[4] The Supreme Court recently reaffirmed the long-standing principle that a fee applicant bears "'the burden of establishing entitlement to an award.'" Fox v. Vice, 131 S. Ct. 2005, 2216 (2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 427 (1983)). Moreover, as the moving party, Winmar "has the burden of establishing the reasonableness of its fee request, and '[s]upporting documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.'" Role Models America, Inc. v. Brownlee, 353 F.3d 962, 970 (D.C. Cir. 2004) (quoting In re Olson, 884 F.2d 1415, 1428 (D.C. Cir. 1989).

[5] It is not entirely clear from Winmar's papers whether it is making this argument as
(continued...)

argues further that it "was obligated to minimize the judgment against Al Jazeera by retaining the payment from QNB [which the Court had earlier found, when it granted summary judgment to QNB, was improperly retained by Winmar]. The litigation with QNB was therefore legally required for the litigation against Al Jazeera." Id. The Court finds absolutely no merit to this argument, which is difficult to even comprehend. Consequently, Winmar cannot recover fees for the unsuccessful Rule 19 Motion to Dismiss QNB's Complaint.

   2.b. Al Jazeera also argues that Winmar's Rule 14 Motion was unnecessary, and therefore non-compensable, because Winmar had the right, pursuant to Rule 14(a), to simply file a third-party Complaint against Al Jazeera within 10 days of filing its Answer to QNB's Complaint, rather than seeking the Court's permission in a Motion, to file the third-party complaint. Winmar should not be penalized for its tactical decision to first seek dismissal of QNB's Complaint before filing its third-party action against Al Jazeera. However, to add one more wrinkle to this issue, Al Jazeera is correct that Winmar failed to apportion non-compensable fees for the Rule 14 Motion and compensable fees for preparation of the third-party complaint. Consequently, Winmar may recover only 50% of its fees for preparation of the Rule 14 Motion.

   3. Al Jazeera argues that Winmar should not recover fees for time expended for clerical tasks. While that is correct as a general principle, the Court concludes that the specific "clerical tasks" cited by Winmar are not merely "clerical" and were appropriately performed by an attorney. Consequently, Winmar may recover the fees challenged by Al Jazeera.

---

[5](...continued)
to one or both of the Motions.

4.       Al Jazeera argues that Winmar has failed to allocate "one penny" of its costs to the QNB litigation. Al Jazeera Opp. at 14-15. There is no question that just as a party must allocate attorneys' fees attributable to a third-party defendant versus the plaintiff in the primary action, so it must apportion costs between Al Jazeera and QNB. A.T. Smith & Sons v. N.P. Van Valkenburgh, 337 F.2d 702, 705 (9th Cir. 1964).

As a remedy, Al Jazeera requests that the Court apportion costs on a 50-50 basis between the two sets of litigation. In this case, that would be grossly inaccurate and unfair. The QNB litigation required no motions hearing, no evidence, and was decided on the basis of a summary judgment motion. In contrast, the Al Jazeera litigation took three days for a bench trial, with numerous witnesses and exhibits. There is no question in the Court's mind that the costs for the Al Jazeera litigation vastly exceeded the costs for the QNB litigation. Consequently, the Court finds that it is appropriate to award Winmar 85% of its costs attributable to the Al Jazeera litigation.

## CONCLUSION

For the foregoing reasons, Winmar's Motion to Alter or Amend the Judgment to Include Attorneys' Fees and Costs Plus Pre- and Post-Judgment Interest [Dkt. No. 69] is **granted in part and denied in part**.


December 28, 2011                    /s/
                                    Gladys Kessler
                                    United States District Judge


**Copies via ECF to all counsel of record**