UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WINMAR, INC.,** | : | |
| | : | |
| **Third-Party Plaintiff and Judgment Creditor,** | : | |
| | : | |
| v. | : | Civil Action No. 06-1307 (GK) |
| | : | |
| **AL JAZEERA INTERNATIONAL,** | : | |
| | : | |
| **Third-Party Defendant and Judgment Debtor.** | : | |

## MEMORANDUM ORDER

Upon consideration of the Status Reports filed by Winmar, Inc. [Dkt. No. 221] and Al Jazeera International [Dkt. No. 222], the Court concludes, for the following reasons, that final judgment may now be entered.

1.  On September 29, 2010, after a bench trial, the Court issued a 62-page Memorandum Opinion [Dkt. No. 67] and an accompanying Order [Dkt. No. 66]. In that Order, the Court briefly summarized the procedural posture of the case:

> Third-party Plaintiff Winmar, Inc. brings this claim for breach of contract and unjust enrichment against Third-party Defendant Al Jazeera International. Al Jazeera International counter-claims against Winmar for breach of contract, mistake, and unjust enrichment. On June 30, 2010 through July 2, 2010, a bench trial was held in which eight witnesses testified.

Immediately following that paragraph, the Court ordered that "**JUDGMENT** is entered for Winmar, Inc. against Al Jazeera International. . . ." Id. It is clear from this Order that the parties had litigated both Winmar's claims and Al Jazeera International's counter-claims and that the Court had concluded that Winmar was entitled to judgment.

In addition, the Memorandum Opinion refers many times to Al Jazeera International's "breach of contract." See Memo Op. at 21, 25. Again, it is perfectly clear from a reading of the Memorandum Opinion that Al Jazeera International's arguments in favor of its counter-claims were considered and rejected.

2. In a later Order, of September 28, 2011 [Dkt. No. 130, at 2-3], the Court summarized that "the action involves a dispute between Winmar and Al Jazeera, involving various claims and cross-claims between the parties for breach of the parties' 2005 construction agreement ('2005 Agreement'), unjust enrichment and mistake." The Court also noted that "[o]n September 29, 2010, this Court entered judgment against Al Jazeera." Id.

3. Thereafter, Al Jazeera International filed Notices of Appeal on October 28, 2010 [Dkt. No. 74] and on October 26, 2011 [Dkt. No. 131]. In the Amended Notice of Appeal filed October 26, 2011, Al Jazeera International itself described the Court's September 28, 2011 Judgment as being "in favor of Defendant and Third-Party Plaintiff Winmar, Inc., and against said Third-Party Defendant and Counter-claim Plaintiff Al Jazeera International." Id.

4. For well over a year, from September 29, 2010, until November 29, 2011, when Al Jazeera International joined Peninsula Production Co. and Al Jazeera Int'l (U.S.A.) to file a motion to vacate execution orders for lack of finality of underlying judgment [Dkt. No. 156], Al Jazeera International did not contest the fact that judgment had been entered against it on its counter-claims against Winmar, Inc.[1]  Nor did Al Jazeera International ever make any attempt by motion or otherwise, to institute any further proceedings on its counter-claims.

---

[1] Al Jazeera International does not oppose entry of judgment against it on its counter-claim for unjust enrichment [Dkt. No. 222, at 21].

5. In response to the Court's request for a Status Report, Al Jazeera filed a 21-page memorandum which, in effect, re-argues the issues tried in June and July of 2010. Now, more than one year after entry of Judgment in this case and after filing two appeals, Al Jazeera International suddenly speaks up and maintains that its counter-claims for breach of contract and mistake had never been ruled on. Al Jazeera International is not correct.[2]

**WHEREFORE**, it is this 13th day of March, 2012, hereby

**ORDERED**, that judgment is entered in this case as follows:

1. For Winmar, Inc., in the amount of $1,472,625;

2. In favor of Winmar, Inc., on Al Jazeera's three counterclaims;

3. For pre-judgment interest in favor of Winmar on the principal amount of $1,472,625, from March 9, 2006 through February 13, 2012, at the contract rate of 12% simple interest (pursuant to the Court's September 28, 2011 Order and Opinion adopting the Magistrate Judge's Report and Recommendation concerning pre-judgment interest, Dkt. No. 117), in the amount of $1,049,096.33, plus $482.83 per day until the date of final judgment;

4. For Winmar's attorney's fees and costs in the amount of $107,553.32 (as determined by the January 26, 2012 Order, Dkt. No. 212); and

---

[2] To avoid any confusion, it should be noted that on December 21, 2011, the Court issued a Memorandum Opinion [Dkt. No. 193] holding that, because Winmar's contractual entitlement to attorneys' fees had not yet been decided, no final judgment had been entered, and, therefore, Winmar's writs of attachment were not valid. Because of the lack of finality, the Notices of Appeal which Al Jazeera International had filed were invalid. On December 28, 2011, the Court issued a Memorandum Opinion [Dkt. No. 197] granting in part and denying in part Winmar's Motion to Alter or Amend the Judgment to Include Attorneys' Fees and Costs Plus Pre- and Post-Judgment Interest. On January 26, 2012, after receiving the submissions of all partes in response to the Memorandum Opinion on attorneys' fees, the Court made a final calculation of attorneys' fees and ordered that Winmar was entitled to attorneys' fees of $107,553.32 [Dkt. No. 212]. With the determination of the amount of attorneys' fees, all issues in the underlying litigation were resolved.

   5.  For post-judgment interest on the total award of $2,629,274.65 (consisting of $1,472,625 + $1,049,096.33 + $107,533.32, ignoring any additional per diem) at the current post-judgment rate.

               /s/_____
               Gladys Kessler
               United States District Judge

**Copies via ECF to all counsel of record**